### TEXAS FURNITURE & TRADING CO. v. MELOTT.

(Court of Civil Appeals of Texas. April 4, 1911.)

Costs (§ 260*) — Appeal for Delay — Damages.

Though failure of appellant to file briefs should be regarded as an abandonment of the appeal, it will not be regarded as taken for delay, subjecting him to damages, unless an examination of the whole record discloses, not only no error, but that the grounds of attack of the judgment are so clearly without merit, and so frivolous, that there could have been no reasonable expectation of a reversal.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–1003; Dec. Dig. § 260.*]

Appeal from Harris County Court; A. E. Amerman, Judge.

Action by Lillian Melott against the Texas Furniture & Trading Company. Judgment for plaintiff. Defendant appeals. Affirmed.

John G. Tod, for appellee.

PLEASANTS, C. J. This appeal is from a judgment of the county court of Harris county in favor of appellee against the appellant for the sum of $175.50. No briefs have been filed by either party, but appellee has filed a motion, suggesting that the appeal was taken for delay, and asking that the judgment of the court below be affirmed, with 10 per cent. damages.

We have examined the record, and while, in our opinion, none of appellant's assignments of error should be sustained, we cannot say that the points presented are so clearly without merit as to justify the conclusion that the appeal was not taken in good faith, but solely for the purpose of delaying the execution of the judgment of the court below. Unless the record on appeal is such as to justify the conclusion that the

appellant, at the time his appeal was perfected, had no reasonable ground to believe that the judgment should be reversed, he should not be penalized for availing himself of the right of appeal. The fact that no briefs have been filed by appellant should be regarded as an abandonment of the appeal, and authorizes its dismissal; but such abandonment does not of itself justify the conclusion that the appeal was taken solely for delay.

When damages for delay are asked, the appellate court is required to examine the entire record, and unless such examination discloses no apparent error, and that the grounds upon which the judgment of the court below is attacked are so frivolous that there could have been no reasonable expectation on the part of appellant that the judgment would be reversed, the appeal should not be held to have been taken for delay, and no damages should be allowed. The judgment of the court below is affirmed, but appellee's request for damages is refused.

Affirmed.