COMMONWEALTH BONDING & CASUALTY CO. v. HENDRICKS.   (No. 7155.)

(Court of Civil Appeals of Texas. Dallas. May 9, 1914. On Motion for Rehearing, June 27, 1914.)

1. EVIDENCE (§ 318*) — HEARSAY — ADMISSIBILITY.

In an action on an accident insurance policy which required in case of death notice in writing of the accident, with full particulars thereof, an instrument executed by a physician certifying that in his judgment the death was due to paralysis of the heart caused by tetanus furnished the insurer as a part of the proofs of death, was admissible to show that the provision in question was complied with.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1193–1200; Dec. Dig. § 318.*]

2. TRIAL (§ 86*)—RECEPTION OF EVIDENCE—OBJECTIONS—SUFFICIENCY.

A general objection that testimony is not admissible at all should not be sustained, where it is material and admissible for any purpose, even though inadmissible for other purposes.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 226; Dec. Dig. § 86.*]

3. TRIAL (§ 207*)—INSTRUCTIONS—LIMITING EFFECT OF EVIDENCE.

In an action on an accident insurance policy, an instruction that a physician's certificate as to the cause of death, properly received as showing compliance with a provision of the policy requiring notice of the accident, with full particulars thereof, could not be considered as in any way establishing the cause of the death, should have been given.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 498, 499, 501; Dec. Dig. § 207.*]

4. INSURANCE (§ 648*)—ACTIONS ON POLICIES—EVIDENCE—ADMISSIBILITY.

In an action on an accident insurance policy, wherein the statutory damages for failure to pay and attorney's fees were sought to be recovered, letters written the insurer by plain-

tiff's attorney pressing for payment of the claim were admissible as a basis for the recovery of such damages and attorney's fees.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1669, 1676; Dec. Dig. § 648.*]

5. NEW TRIAL (§ 41*) — HARMLESS ERROR — ADMISSION OF EVIDENCE.

In an action on an accident insurance policy, letters written the insurer by plaintiff's attorney were received in evidence as a basis for the recovery of attorney's fees and the statutory damages for failure to pay. The letters urged payment, and further stated that a doctor's certificate showing that insured died from the result of an accident had been sent the insurer; that the attorney had heard that the insurer had attempted to get plaintiff to withdraw the matter from his hands; that the insurer knew that insured died from tetanus caused by an accident; that the insurer had sent plaintiff a draft for a small sum, which stated that, if she signed it, she thereby acknowledged payment in full for all claims; that she would not sign it, but would keep it as evidence; and that the insurer had on file a doctor's certificate as to the cause of death and proofs of death. The evidence was conflicting as to cause of death. Held that, while there were some expressions in such letters which were not strictly admissible, the effect of such expressions was not sufficiently prejudicial to the insurer's rights to require a new trial.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 67–71; Dec. Dig. § 41.*]

6. EVIDENCE (§ 213*) — ADMISSIONS — ATTEMPTS TO COMPROMISE.

In an action on an accident insurance policy to recover the amount agreed to be paid in case of death, the admission of a draft or voucher for the amount of a disability claim made by insured, sent plaintiff after insured's death, and after the insurer knew that plaintiff was claiming the amount stipulated in case of death, did not violate the rule against evidence as to offers to compromise litigation; the sending of the draft not being an offer of compromise of the claim sued on.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 745–751, 753; Dec. Dig. § 213.*]

7. INSURANCE (§ 662*) — ACTIONS ON POLICIES—EVIDENCE—ADMISSIBILITY.

Such draft or voucher was admissible as tending to show a refusal to pay the death claim.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1697, 1698, 1700–1706; Dec. Dig. § 662.*]

On Motion for Rehearing.

8. APPEAL AND ERROR (§ 1170*)—HARMLESS ERROR—INSTRUCTIONS.

In an action on an accident insurance policy, where the testimony as to the cause of insured's death was conflicting, but would have supported a finding that it was not the result of tetanus, physicians whose standing, experience, and ability were not questioned testifying positively that the period of incubation of the tetanus germ was such that death could not have been due to tetanus, and a physician's certificate furnished the insurer as part of the proofs of death stating emphatically that the death was due to paralysis of the heart caused by tetanus was admitted, without qualifying or limiting its use to the question of compliance with a provision of the policy requiring notice of the accident with full particulars thereof, the refusal of an instruction that such certificate could not be considered as establishing the cause of the death was not harmless under rule 62a, forbidding reversals, except for errors such as were reasonably calculated to cause, and prob-

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ably did cause, the rendition of an improper judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. § 1170.*]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Pallie L. Hendricks against the Commonwealth Bonding & Casualty Company. From a judgment for plaintiff, defendant appeals. Reversed and remanded on rehearing.

W. W. Nelms and El J. Gibson, both of Dallas, for appellant. Morris & Pope, of Dallas, for appellee.

TALBOT, J. On the 3d day of July, 1912, the appellant issued to W. Price Hendricks an accident and health policy of insurance, whereby it insured the said Hendricks against accidents, and agreed thereby, in case the said Hendricks lost his life as the direct and proximate result of an accident within the period of 90 days from the date of the accident, to pay the said Hendricks' wife, Mrs. Pallie Hendricks, the appellee herein, the sum of $1,200. On the 19th day of September, 1912, the said W. Price Hendricks suffered an accident by sticking a nail into his foot, and as the proximate result of the injury thereby sustained he died on the 20th day of October, 1912. About November 7, 1912, appellee gave to appellant notice and proof of the death of the said W. Price Hendricks and demanded payment of the amount of the policy sued on. Appellant failed and refused to pay the $1,200 demanded, and appellee, the wife of the said Hendricks, brought this suit to recover said sum, together with 12 per cent. thereof as statutory damages, and $300 as reasonable attorney's fees. The defenses pleaded were a general demurrer and general denial. A jury trial resulted in a verdict and judgment in favor of the appellee, and appellant prosecutes this appeal.

[1, 2] The first assignment complains of the admission of the following instrument of writing:

"Dallas, Texas, Nov. 7, 1912.

"This is to certify that I saw Mr. W. P. Hendricks and gave certificate of death, which, in my judgment, was due to paralysis of the heart, and from the history I got of the case was caused by tetanus.

"[Signed]    Dr. J. B. Norris."

The proposition urged under this assignment is that said writing is hearsay, and does not come within any exception to the rule permitting hearsay evidence; that it was highly prejudicial evidence upon the vital point in the case, and was not admissible for any purpose. This assignment should not be sustained. The policy in suit required, in the event of an accidental death, that notice in writing of such accident should be given to the insurance company as soon as it was reasonably possible to give it, and not later than 90 days from the date of the accidental death, with full particulars of the accident and injury, or of the nature of the illness or disability. The writing objected to was clearly admissible, if for no other purpose, to show that the provision of the insurance contract referred to had been complied with, and hence the proposition that it was not admissible for any purpose is not correct. This notice was evidently required by the company to enable it to investigate the fact and cause of Hendricks' death and thereby determine whether or not it was liable. A general objection that the testimony is not admissible at all should not be sustained, where it is material and admissible for any purpose, even though inadmissible for other purposes. There is no other proposition asserted under this assignment in the order and manner required by the rules, and for the reason stated the assignment will be overruled.

[3] Appellant requested the trial court to charge the jury as follows:

"Gentlemen of the jury, you are instructed as a part of the law in this case that you cannot consider the letter or certificate introduced by the plaintiff, of one Dr. Norris, as in any way establishing the cause of the death of the insured Hendricks; but you must make your findings on other testimony, if any, introduced in the case."

This charge was refused, and its refusal is made the basis of appellant's second assignment of error. The proposition advanced seems to be predicated alone upon the theory that the court erred in admitting the writing referred to in the foregoing first assignment of error, and probably a sufficient answer to it would be that said writing was admissible for the reason we have given. But we shall not rest our conclusion that the case should not be reversed for the failure to give the charge in question upon that answer. We think it would have been better to have given the charge; but, in view of rule 62a (149 S. W. x) promulgated by the Supreme Court for the government of this court, we do not believe its refusal furnishes sufficient ground for a reversal. By the rule mentioned it is provided that no judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court. Now, while we may believe it would have been proper to have given the charge in question, yet we are not prepared to say that it is disclosed by the record that its refusal amounted to such a denial of appel-

lant's rights as probably caused the rendition of an improper verdict and judgment against it, or in any manner prevented a proper presentation of its case to this court.

[4, 5] Appellant's third and fourth assignments of error complain of the admission in evidence of two certain letters dated, respectively, November 20 and December 8, 1912, written by appellee's attorney to the appellant, one of which called attention to the fact that he had, on the 7th day of November, addressed a letter to it, calling attention to the fact that he held for collection the policy sued on, and had inclosed a doctor's certificate as proof of death of W. Price Hendricks, and stating that said certificate showed that Hendricks died from the result of an accident, that he had been unable to hear from appellant directly, that he heard indirectly that appellant's "men" had made an attempt to get Mrs. Hendricks to withdraw the matter of the collection of the policy from his hands, that appellants knew that Mr. Hendricks had died from tetanus caused by the accident, and in effect demanding a payment of the policy. The other letter was to the effect that appellant had, on December 8, 1912, addressed to Mrs. Hendricks a letter and inclosed therein a draft for the sum of $34, upon the reverse side of which was written that, if she signed the same, she thereby acknowledged that she had been paid in full for all claims against the company whatever for loss. sustained. This letter again called attention to the fact that the writer, appellee's attorney, held the policy sued on for collection, and that appellant had on its. files a doctor's certificate of the death of Mr. Hendricks, stating to it "the cause of his death." This letter further notified appellant that Mrs. Hendricks would not sign the draft or voucher, but would keep the same to be used in evidence in the trial to recover on the policy in the event suit was necessary to collect it. This letter also called attention to the fact that the writer had written appellant on November 20, 1912, and had received in reply thereto a letter from appellant's Mr. Kennedy informing him that Mr. Hill, who had charge of the claim department, was out of Ft. Worth, and that just as soon as he returned his attention would be called to this case. This letter further stated that appellant seemed to be under the impression that the writer thereof was writing the letter in regard to the disability claim, which was made by Mr. Hendricks before his death, which the writer disclaimed having done, but that appellant's records would disclose that he had filed notice of the death of Mr. Hendricks, and also proof of his death, and had requested settlement with Mrs. Hendricks of the policy. By this letter appellant's attention was further called to the fact that the policy issued to Mr. Hendricks provided that no action should be brought thereon within 60 days from the death of the insured, and

that the writer desired to advise appellant that, if some satisfactory arrangements were not made with reference to the claim at the expiration of that period of time, legal steps would be taken. The propositions contended for under these assignments are in substance (1) that the letters were hearsay; (2) that they were incompetent to establish any fact in the case; and (3) that said letters were self-serving declarations, and were calculated to arouse the prejudice and sympathy of the jury, and to mislead them as to the cause of the death of Hendricks. These letters were admissible as tending to show a demand for the payment of the policy sued on and appellant's refusal to pay, which were facts necessary to be shown as a basis for the recovery of the statutory damages claimed and the reasonable attorney's fees sued for and allowed by statute in such a case. There were doubtless some expressions in the letters not strictly admissible; but we do not regard the effect of such expressions sufficiently prejudicial to appellant's rights to warrant us in setting aside the verdict and judgment.

[6, 7] Nor do we think the admission in evidence of the draft or voucher for $34, dated December 6, 1912, sent to Mrs. Hendricks by appellant in full satisfaction of her claim on appellant, of such error, if error at all, as requires a reversal of the case. The admission of this evidence is compained of in appellant's fifth assignment of error, and the single proposition urged is to the effect that the "court will not permit in evidence an offer upon the part of any litigant to compromise litigation." This is substantially a correct statement of the law; but, as we understand the record, the sending of this draft to Mrs. Hendricks was not an offer of compromise of the claim she was making against the company. Her claim, and for which appellant denied liability, was that her husband, W. Price Hendricks, died as the result of an accident, and that appellant was due her under the policy $1,200, while the draft for $34, sent her and admitted in evidence over appellant's objection, was in settlement of a disability claim filed by her husband before his death, and evidently at a time when he did not think his injury would prove fatal. The draft was sent after Hendricks' death, it seems, and after appellant knew that Mrs. Hendricks was claiming under the promise in the policy to pay $1,200 in the event of his death as a result of an accident, and was a circumstance admissible in evidence as tending to show refusal to pay the $1,200 claimed.

The remaining assignments, in effect, assert that the evidence was insufficient to warrant the court's charge, and to support the verdict and judgment. We do not concur in this view of the evidence. On the contrary, we think it was sufficient to justify the charges given, and to warrant the findings of the jury.

The judgment of the court below is affirmed.

## On Motion for Rehearing.

[8] Upon reconsideration of appellant's second assignment of error, on its motion for a rehearing, we conclude the trial court materially erred in refusing to give in charge to the jury the special charge to which said assignment relates. In the certificate or letter referred to in the special charge Dr. Norris states very emphatically that, in his judgment, the death of W. P. Hendricks was due to paralysis of the heart, and that from the history he got of the case was caused by tetanus. Whether Hendricks' death was in fact caused by tetanus was a vital issue in the case, and the certificate in question was admitted in evidence, without any limitation being placed upon its consideration by the jury. That the statement made by Dr. Norris in the certificate, in the absence of any direction by the court qualifying or limiting the use to be made of it, was considered by the jury in determining the cause of Mr. Hendricks' death, and that, being considered for that purpose, it influenced the jury in arriving at the verdict rendered, is highly probable. The testimony bearing upon the cause of Mr. Hendricks' death was conflicting, but would have supported a finding that it was not the result of tetanus. About one month elapsed from the date of the injury to the time of his death, and two physicians whose standing, experience, and ability is not questioned in the record before us testified most positively that the period of incubation of the tetanus germ is 15 days, and that in their opinion it was not possible for Mr. Hendricks' death to have been due to tetanus produced by the sticking of the nail in his foot.

To apply rule 62a and hold, in the face of this testimony, that the error in refusing the special charge was not reasonably calculated to cause, and did not probably cause, the rendition of an improper verdict and judgment would be to push that rule too far, and evidently beyond what was contemplated in its promulgation.

Appellant's motion for a rehearing will therefore be granted, the judgment heretofore rendered in this court set aside, and for the error in refusing said special charge the judgment will be reversed, and the cause remanded.

Reversed and remanded.