COMMONWEALTH BONDING & CASUALTY INS. CO. v. HENDRICKS.
(No. 7598.)

(Court of Civil Appeals of Texas. Dallas. June 17, 1916.)

1. APPEAL AND ERROR ⬠756—BRIEFS—SUFFICIENCY.

Where appellant's brief contains no statement of the nature and result of the suit, nor any assignment of error, proposition of law, or statement of fact, no issue is presented for consideration.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3091; Dec. Dig. ⬠756.]

2. TRIAL ⬠350(4) — SPECIAL INTERROGATORIES—APPLICABILITY.

In action on policy insuring against death "from the effect of bodily injury sustained solely through external, violent and accidental means," where the sole issue of fact was whether insured's death resulted from the effects of sticking a nail in his foot, it was proper to refuse to submit an issue whether insured died because "he stuck a nail in his foot and was said injury the sole cause of his death," in lieu of an issue actually submitted whether it was "caused solely through external, violent and accidental means," since the jury may have believed that his death did not result from sticking the nail in his foot, but from the "effects" therefrom; and the evidence being undisputed that insured stuck the nail in his foot by external, violent, and accidental means, the use of the exact words of the policy, instead of the term employed in the refused charge, was immaterial, since both conveyed the same meaning.

[Ed. Note.—For other cases, see Trial, Cent. Dig. § 829; Dec. Dig. ⬠350(4).]

3. COSTS ⬠260(4)—DAMAGES FOR DELAY—GROUNDS.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1629, allowing appellee 10 per cent. additional on the amount in dispute as damages upon affirmance, where appeal is taken for delay by defendant, damages will not be allowed unless it appears that the grounds of alleged error are so frivolous that there could have

been no reasonable expectation that the judgment would be reversed.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 986–991, 996; Dec. Dig. ⬠260(4).]

Appeal from District Court, Dallas County; Kenneth Foree, Judge.

Action by Pallie L. Hendricks against the Commonwealth Bonding & Casualty Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

See, also, 168 S. W. 1007.

W. W. Nelms and El J. Gibson, both of Dallas, for appellant. John W. Pope and M. L. Morris, both of Dallas, for appellee.

RASBURY, J. [1] At the time appellee filed her brief in this case, which was but one day prior to submission, appellant had not filed brief, though the appeal in other respects had been perfected in accordance with law. As a consequence and in compliance with rule 42 of this court (142 S. W. xiv), appellee briefed the case so as to show the correctness of the judgment. In addition and by appropriate proposition, appellee suggested that the appeal was taken for delay and sought an affirmance of the judgment with 10 per cent. additional on the amount in dispute as damages under authority of article 1629, Vernon's Sayles' Civ. Stats. Preceding submission, but on submission day, appellant filed its brief. The brief so filed does not contain a statement of the nature and result of the suit, any assignment of error, proposition of law, or statement of fact. The brief being thus defective, no issue is presented for consideration.

However, the suggestion by appellee that the appeal was taken for delay, and that as a consequence she is entitled to the statutory 10 per cent. damages, requires this court, even in the absence of briefs for appellant, to examine the record and ascertain that the substantial merits of the controversy have been attained. Rule 43 (142 S. W. xiv).

The suit was upon an accident insurance policy, which insured W. Price Hendricks, appellee's husband, among other things, against death from the effect of bodily injury sustained, while the policy was in force, solely through external, violent, and accidental means. In case of death $1,200 was agreed to be paid to appellee, who, in event of death, was the beneficiary. While the policy was in force, Hendricks, who was employed in a grocery store, while lifting a box into a delivery wagon, stepped upon an exposed nail driven through a board. The nail entered the bottom of the foot and nearly penetrated it upwards. Later he died. Suit was commenced upon the policy and judgment recovered in the lower court, which, upon appeal, was reversed by this court. Commonwealth Bonding & Casualty Co. v. Hendricks, 168 S. W. 1007. After reversal the case was again tried, resulting also in

---

⬠For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

verdict for appellee, from which the present appeal is taken.

· We have examined the record and conclude that the substantial merits of the controversy have been attained. It is contended by appellant as is disclosed by its motion for new trial in the lower court, in effect, that the verdict of the jury is not supported by the evidence, and, if there is supporting evidence, then that the verdict of the jury is against the great weight and preponderance thereof. The only issue of fact in the court below was whether Hendricks' death resulted from sticking the nail in his foot or from other and independent causes. The evidence on that issue consisted largely of the opinions of physicians testifying as experts. Their opinions conflicted radically. It was the exclusive duty of the jury to reconcile that conflict, and, having done so, we are without authority to disturb it.

[2] The case was submitted to the jury upon special issues, one of which inquired of the jury whether Hendricks' death was "caused solely through external, violent, and accidental means." In lieu of the issue so submitted, appellant requested the court to submit to the jury whether Hendricks died because "he stuck a nail·in his foot and was said injury the sole cause of his death?" The requested issue was refused, and such refusal was assigned as error in the motion for new trial. As we have said, the sole issue of fact was whether Hendricks' death resulted from the effects of sticking the nail in his foot, or as provided by the policy from the effects of "external, violent or accidental means." By the refused charge appellee could have recovered only if her husband's death resulted from sticking the nail in his foot, while by the policy she was entitled to recover if death resulted from the "effects" of sticking the nail in his foot. We think the charge was properly refused as not correctly presenting the real issue, since the jury may have believed that his death did not result from sticking the nail in his foot, but from the "effects resulting" therefrom. All the evidence of the experts was in support of the latter theory.

We also conclude, the evidence being undisputed that appellee's husband. stuck the nail in his foot by external, violent, and accidental means, that the use of the exact words of the policy in submitting the means by which the injury was received, instead of the term employed in the refused charge, was immaterial, since both conveyed the same meaning.

[3] On the issue of statutory damages, we conclude, notwithstanding our examination of the record, including all the evidence adduced, shows that none of appellant's issues presented in its motion for new trial should be sustained, that they are not so clearly without merit as to justify the conclusion

that the appeal was not taken in good faith and that appellant had no reasonable ground to believe that the judgment would be reversed. The rule in such cases is that damages will not be allowed unless it appears that the grounds of alleged error "are so frivolous that there could have been no reasonable expectation * * * that the judgment would be reversed." Texas Furniture & Trading Co. v. Melott, 136 S. W. 541.

The judgment is affirmed.