### ALAMO CAS. CO. v. VASQUEZ.

#### No. 3033.

Court of Civil Appeals of Texas.

Eastland.

Oct. 2, 1953.

Glosserman & Pfeil, San Antonio, Rountree, Renner & Snell, Lamesa, for appellant.

Cayton & Wassell, Lamesa, for appellee.

GRISSOM, Chief Justice.

In a Workmen's Compensation case the employee recovered judgment against his employer's insurer and, it has appealed.

Article 8309, Section 1, Vernon's Ann. Civ.St., states the different ways in which the average weekly wages of an employee must be determined substantially as follows:

1. Where the employee has worked in the employment in which he was engaged when injured substantially the whole of the preceding year his annual wages shall consist of three hundred times the average daily wages earned during the days he was so employed.

2. If Subsection 1 is shown not to be applicable, his average annual wages are three hundred times the average daily wages "which an employee of the same class working substantially the whole of such immediately preceding year in the same or in a similar employment in the same or a neighboring place, shall have earned in such employment during the days when so employed."

3. When the provisions of both subsections 1 and 2 are shown by the employee to be inapplicable, his average weekly wages shall be computed in any manner that is just and fair to both parties.

(5. The average weekly wages of an employee is one-fifty-second part of the average annual wages).

The court submitted issues as to the employee's wage rate under Subdivisions 1 and 2, supra, and the jury found (a) that Vasquez had not worked substantially the whole of the year preceding his injury in the same or similar employment and (b) that no employee of the same class had worked substantially the whole of the year preceding his injury in the same or similar employment in the same or a neighboring place. The jury thus determined the facts prerequisite to a finding of the wage rate under Subdivision 3, that is, in a manner fair to both sides. The jury found, under Subdivision 3, that the employee's weekly wage rate was $72.

Said findings and the fixing of the employee's average weekly wage rate in accord with Subdivision 3 constitutes the gist of the insurance company's complaint on appeal. Appellant specifically contends that said issues were not raised by the evidence; that there was no evidence to justify their submission and that the court erred in overruling its motion for a new

trial based on the submission of issue 17, in answer to which the jury found, under Subdivision 3, that the wage rate which was just and fair to both parties was $72 per week.

 Appellee, Vasquez, contends the judgment should not only be affirmed but this court should render judgment against appellant for ten percent of the judgment as damages for delay, because the appeal was taken for delay and that there was not sufficient cause for appealing. See Texas Rules of Civil Procedure, rule 438. In order to determine the correctness of this contention and appellant's insistence that there was no evidence to support the submission of the wage rate issues or the jury's answers thereto we have carefully considered the entire record. We conclude that there was ample evidence to sustain the jury's finding that Vasquez had not worked in the employment in which he was engaged when injured substantially the whole of the year, and, therefore, Subdivision 1 of Section 1, Article 8309, was properly determined to be inapplicable in fixing the wage rate. It has not been as easy to determine that the jury's finding that there was no employee of the same class as Vasquez who worked substantially the whole of the preceding year in the same or similar employment in the same or a neighboring place has support in the evidence. This finding, if sustained, had the effect of preventing fixing the wage rate under Subdivision 2. The evidence relative to an employee of the same class working in the same or similar employment in the same or a neighboring place during the year preceding Vasquez' injury is much more general and indefinite than that relative to the nonapplicability of Subdivision 1. Appellant strenuously, and apparently with sincerity, contends that appellee's testimony referred only to the particular gin where he was working when injured and that no questions were asked and no answers given concerning other employees of the same class working in the same or similar employment in the same or a neighboring place. While we do not agree with this contention, it is not unreasonable and we think it is not clearly shown

that appellant's appeal is so clearly without merit and frivolous that it can be said there was no reasonable expectation on the part of appellant that the judgment would be reversed. See Texas Furniture & Trading Co. v. Melott, Tex.Civ.App., 136 S.W. 541, 542; Ferguson v. Chapman, Tex.Civ. App., 94 S.W.2d 593, 600. Appellee testified through an interpreter. His counsel repeatedly asked him questions designed to elicit testimony as to whether any one who did the type of work which he was doing when injured worked throughout the year. Appellee apparently did not understand them. He finally was asked: "What I am getting at is this: other people do not work the year round doing the same type of work you were doing; they just work two to five months?" Appellee answered "Yes."

We are of the opinion that when all of the testimony is carefully considered it is sufficient to sustain the finding that there was no other employee of the same class who worked substantially the whole of the immediately preceding year in the same or similar employment in the same or a neighboring place and that, therefore, Subdivision 2 was not the proper section under which to determine appellee's average weekly wage rate.

The judgment is affirmed. Appellee's motion for damages is denied.