WARD et al. v. CAPLES et al.   (No. 410.)

(Court of Civil Appeals of Texas. El Paso. Nov. 5, 1914. Rehearing Denied Nov. 25, 1914.)

1. WILLS (§ 616*)—CONSTRUCTION—INTEREST OF DEVISEE OR LEGATEE—"REMAINDER."

A will gave the residue of the estate to the wife for life, with remainder to the testator's children. It provided that the property should be managed by the wife during her life, and that, if she deemed it to the best interest of the estate, she might, with the written consent of a majority of the children of age or married, sell or incumber any part thereof, and on the death of the wife all of the estate should be divided equally between the children, the descendants of any deceased child to have that portion to which their ancestor, if living, would have been entitled. Held, that the will created a "remainder" in the children, which is what is left of an entire estate in lands after a pre-

ceding part of the same estate has been disposed of, whose regular termination the remainder must await.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1418–1430; Dec. Dig. § 616.*

For other definitions, see Words and Phrases, First and Second Series, Remainder.]

**2. WILLS (§ 634*)—CONSTRUCTION—INTEREST OF DEVISEE OR LEGATEE—"VESTED REMAINDER"—"CONTINGENT REMAINDER."**

Under such will a child took a present fixed right of future enjoyment, and therefore had a "vested remainder," as distinguished from a "contingent remainder," which arises when it is uncertain whether a use or estate limited in futuro will ever vest; it being the present capacity of taking effect in possession which distinguishes a vested from a contingent remainder.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1488–1510; Dec. Dig. § 634.*

For other definitions, see Words and Phrases, First and Second Series, Contingent Remainder; Vested Remainder.].

**3. EXECUTION (§ 45*)—INTERESTS SUBJECT TO EXECUTION—VESTED REMAINDER AFTER LIFE ESTATE WITH POWER TO SELL.**

The interest of a child in land constituting a part of the residuary estate was subject to execution, though the rights of the execution creditor or purchaser could not go beyond the rights of such child, as, to render property subject to levy and sale, it is only necessary that it be owned by the execution debtor at the time of the levy.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 141, 142; Dec. Dig. § 45.*]

**4. EXECUTION (§ 41*)—PROPERTY SUBJECT TO —"TRUST."**

The will created no trust relation with respect to the residuary estate which would prevent a sale of the interest of a child under execution, as a "trust" is an obligation in which the person holding the legal title is bound in equity to hold for the benefit of another, and the wife did not hold for any of the children, and was not charged with any duty to them in the management of the real property, but was sole owner of the rents and revenues during her lifetime, while each of the children held a separate estate given in his or her own right.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 49, 89–94; Dec. Dig. § 41.*

For other definitions, see Words and Phrases, First and Second Series, Trust.]

**5. EXECUTION (§ 171*)—ENJOINING EXECUTION—CREATING CLOUD ON TITLE.**

A sale of the interest of a child under execution could not be enjoined, on the ground that such sale would cast a cloud on the title of the wife or the other children, as, the will being of record, such sale would cast no cloud on their title.

[Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 794, 795, 813, 825; Dec. Dig. § 171.*]

Appeal from District Court, El Paso County; Dan M. Jackson, Judge.

Suit by Margaret A. Caples and others against T. W. Ward and others. From an order granting a temporary injunction, defendants appeal. Reversed, temporary injunction dissolved, and cause remanded.

J. G. McGrady, of El Paso, for appellants. Stanton & Weeks and W. D. Howe, all of El Paso, for appellees.

WALTHALL, J. This suit was instituted in the district court of El Paso county, Tex., Thirty-Fourth judicial district, by petition filed on the 3d day of October, 1914, by Margaret A. Caples, in her individual capacity, as surviving wife of Richard Caples, deceased, and as independent executrix of the estate of Richard Caples, deceased, joined by Edward T. Caples, William J. Caples, and Richard Caples, Jr., as plaintiffs, against T. W. Ward, J. J. McGrady, and Peyton J. Edwards, sheriff of El Paso county, as defendants. The petition was sworn to by Mrs. Margaret A. Caples, and in the first count alleges in substance these facts:

That on the 10th day of March, 1909, Richard Caples, who resided in the city and county of El Paso, Tex., executed with due formality a will, disposing of his property as therein set forth, the relevant parts of which will read as follows:

"Fifth: All the rest and residue of my estate, real, personal and mixed, consisting of my half of the community property of myself and my said wife, Margaret Ann Caples, and such separate estate, if any, of which I may die seized or possessed, or to which I may be entitled, wheresoever the same may be situated, I give and bequeath to my beloved wife, Margaret Ann Caples, for the term of her natural life, with remainder over upon her death to our five children, Edward Thomas Caples, Joseph Caples, William Caples, Richard Caples, Jr., and Margaret Caples, share and share alike.

"Sixth: It is my will and desire that my said property shall be managed by my wife during her life, as it has been heretofore controlled by me, as nearly as may be. Should my said wife deem it to the best interest of my said estate that any portion of same should be sold, alienated, conveyed, mortgaged or incumbered, it is my will and desire that she, with the written consent of a majority of our said children, then living, who are of age or married, shall have full power to sell, alienate, convey, mortgage or incumber such part of same as in her judgment and that of the said majority of said children as seem proper and to the best interest of my said estate.

"Seventh: It is my desire that upon the death of my said wife and the termination of the life estate hereby created, that all of my estate, consisting of my half of the community property of myself and my said wife, real and personal, of whatever character, as well as all separate property of whatever character, if any, and wheresoever, of which I may die possessed or be entitled to, or which may have accrued to my estate, shall be divided equally between all of my above named five children then living or their descendants, share and share alike; that is, to say, such descendants of any deceased child shall have that portion to which their ancestor, if living, would have been entitled to."

The petition further states that Richard Caples died on the 12th day of July, 1911; that said will was duly probated and admitted to record on the 5th day of September, 1911, and that Mrs. Margaret A. Caples qualified as executrix; that letters testamentary were issued to her, the order conferring upon her the power and authority over the estate provided for in the will, constituting her executrix and trustee therein; that the estate was duly appraised, and in-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

ventory, appraisement, and list of claims were filed and approved in September, 1911; that said appraisers returned as a part of the estate and community property of Richard Caples and his surviving wife each of the parcels of land set forth in the petition; that Mrs. Caples, as executrix and trustee, took possession of all the properties of the estate under the terms of the will and proceeded to carry out its provisions, and that she is at the present time acting as executrix and trustee thereunder.

The petition further alleges that on the 28th day of March, 1914, in cause No. 8972, F. W. Ward, as plaintiff, recovered a judgment against J. A. Caples, as defendant, in the district court of El Paso county, for the sum of $3,389 and costs of suit, amounting to the sum of $23.30 and interest at the rate of 6 per cent. per annum from date of judgment; that on the 6th day of April Ward made an assignment of said judgment to said J. J. McGrady, which was noted on the minutes and records of said court; that on the 14th day of September, 1914, the said McGrady caused the clerk of said court to issue a writ of execution upon the judgment against J. A. Caples, which, by the sheriff, Peyton J. Edwards, was levied upon all of the right, title, interest, and claim of J. A. Caples (designated as one-tenth undivided interest, subject to the life estate of Margaret A. Caples, during her life) in and to the real estate described in making the levy, and embracing in the levy all of the real estate of the estate of Richard Caples, deceased, as shown by the inventory of said estate filed. The petition alleges in detail the terms of the will and attaches a copy. It alleges that all of the children named in the will are now living, and that there are now living two grandchildren of said. Richard Caples; that Margaret Caples, one of the children, is a minor, and that a majority of those who were to join in any transfer of any part of the real estate of said estate are parties plaintiff, and in fact all, except the defendant in execution, J. A. Caples. The petition alleges that the estate will suffer irreparable loss and damage in the event of a sale under the execution, and states reasons why the petition for injunction was not sooner filed.

The petition, in a second count, in addition to a description of the property levied on, states the market value of the property to be $598,500, and that the interest levied on is of the market value of $59,850.

Temporary injunction was granted, as prayed for, bond fixed and given, and the writ of injunction served. This appeal is taken from the order of the district judge, made in chambers, granting to appellees the temporary injunction restraining the sale under the execution of the interest of Joseph A. Caples, defendant in execution.

Appellants present the following assignment of error:

"The judge erred in granting to plaintiffs the temporary injunction on October 3, 1914, in this case, because their petition is insufficient in law to entitle them to any such injunction."

Under said assignment appellants present their first proposition:

"Richard Caples having died, leaving a will by which he gave his widow a life estate in his lands, coupled with a power of sale, with remainder in fee to his five children named, equally, the interest of Joseph Caples, one of the children named, is subject to execution, even though such remainder be subject to a condition subsequent."

It is not suggested that the judgment debtor has any interest in the property levied upon. other than such as he took under the will. The contention of appellees is: (1) that Joseph A. Caples took no such interest under the will as was subject to execution; (2) that sale under the execution would destroy the trust provided for in the will; (3) that the sale of the interest of Joseph A. Caples under the execution would cast a cloud upon the title of Mrs. Margaret A. Caples, as life tenant and trustee under the will; (4) that the trust estate in Mrs. Caples under the will is contingent and uncertain in its character, and to the extent that no definite interest in the estate is in the defendant debtor, Joseph A. Caples.

It will be seen from the contentions of appellants and appellees to the granting of the injunction that possibly three questions are presented:

First. Is the interest of Joseph A. Caples in the property levied on subject to execution?

Second. Would the sale under execution cast a cloud upon the title of Mrs. Caples as life tenant and trustee under the will?

Third. Would a sale under the execution destroy the trust provided for in the will? What kind of interest does the will give to the defendant in execution?

After directing the payment of debts, the will provides for and designates a specific trust to be performed by Margaret A. Caples in reference to the graves of relatives, and directs that she, in her will or otherwise, provide for trustees to execute the trust after her death. The will then contains paragraph 5, quoted above, in which the testator gives and bequeaths to Margaret A. Caples all the rest and residue of his real estate for the term of her natural life, with remainder over upon her death to the five children named, including the defendant in execution, share and share alike. The sixth paragraph of the will quoted provides "that my said property shall be managed by my wife during her life." Then in the same paragraph it is provided that, "should my said wife deem it. to the best interest of my said estate that any portion of same should be sold, alienated, conveyed, mortgaged or incumbered," with the written consent of a majority of the said children then living, she "shall have full power," to do so.

[1, 2] The Fourth Court of Civil Appeals of this state, speaking through Associate Justice Neill, defines a remainder to be:

"What is left of an entire estate in lands after a preceding part of the same estate has been disposed of, whose regular termination the remainder must await." Wells v. Houston, 23 Tex. Civ. App. 629, 57 S. W. 584.

It is not claimed in the petition for injunction that the specific trust to be performed by Mrs. Caples in reference to the graves of relatives so depletes the estate as to make it necessary or uncertain as to whether any part of the real estate devised would be used in performing the trust. The petition shows a present large value of the real estate. We find present all of the essential characteristics of a remainder, that is, a precedent particular estate after the execution of the specific trust, the creation of the remainder by the same conveyance, at the same time as a particular estate; it vests in right during the continuance of the particular estate, and there is no limitation on the remainder, after the fee simple. There is a remainder, and the defendant in execution is a remainderman, under the terms of the will.

The first question to be determined is whether the remainder is vested in the defendant in execution by the terms of the will, or does such interest remain in contingency? What are the characteristics which distinguish the one from the other? Chief Justice Hemphill, in Bufford v. Holliman, 10 Tex. 571, 60 Am. Dec. 223, defines a vested right to be:

"An immediate right of present enjoyment, or a present fixed right of future enjoyment."

Illustrating the definition given, the learned Chief Justice in the same case says:

"A grant of an estate to A. for life, and after his death to B., * * * is a fixed right of future enjoyment in B., and is, consequently, a vested remainder."

It is a fixed interest, to take effect in possession after the particular estate of the life tenant is terminated by death. In the same case the court cites with approval 4 Kent, 202, where it was held that a devisee of real estate for life, and after his death to three others, or to the survivor or survivors of them, their heirs, and forever, the remainderman took a vested interest at the death of the testator. It is the present capacity of taking effect in possession which distinguishes a vested from a contingent remainder. If it be uncertain whether a use or estate, limited in futuro, will ever vest, such use or estate is a contingent remainder. The bequest in the will quoted gives to Mrs. Caples "an immediate right of present enjoyment" of the real estate of the testator. It would not be claimed that Mrs. Caples did not take "an immediate right of present enjoyment" in and to the entire estate upon the death of the testator. Applying the above definition of a vested interest, it seems to us equally clear that the five children named, all now living, "took a present fixed right of future enjoyment" in the estate upon the death of the testator. In the case quoted (Bufford v. Holliman) the court held that the provision in the will that the property is to become the property of the remainderman after the death of the life tenant did not hold it in contingency, but was a vested interest immediately on the death of the testator. We have found no case that changes or qualifies the law as expressed by the Supreme Court in the case above referred to, but find a number of cases referring to it with approval. We therefore hold that the defendant in execution, on the death of Richard Caples, took a present fixed right of future enjoyment—that is, a vested remainder as distinguished from a contingent remainder—in the property of the estate.

[3-5] Was the interest of Joseph A. Caples subject to execution at the time of the levy? All that is required in this state to render property of the debtor subject to levy and sale is that it must be owned by the execution debtor at the time of the levy. Of course, the rights of the execution creditor or the purchaser under the sale cannot go beyond the rights of the defendant debtor. The above has been the rule always in this state, and we need not refer to cases supporting the view expressed. If we are right in our construction of the will that the defendant in execution under the will has a present vested interest in the real estate levied on, it follows that it is subject to levy and sale, unless that by so doing it prevents the execution of some trust expressed in the will, or that a sale under the execution would cast a cloud on the title of some one or more of the appellees. The petition shows neither. It does state that Mrs. Caples is trustee. A trust is an obligation in which the person holding the legal title is bound in equity to hold for the benefit of another. Mrs. Caples has the legal title during her lifetime, and is made the manager of the property, but is not holding for any of the children, nor is she charged by the will with any duty to the defendant in execution in the management of the real property. She is the sole owner of the rents and revenues of all the property during her lifetime. Each of the five children named holds the separate interest given under the terms of the will in his and her own right. We see nothing in the will that creates in Mrs. Caples a trust relation that would prevent a levy and sale of the interest of the defendant in execution. Would a sale under execution cast a cloud on the title of any of the appellees? The rights of the petitioners in the properties levied on are expressed in the will, and the will is of record. A sale under execution would not cast a cloud upon the title of any one of them. We are of the opinion that it was error to grant the temporary injunction.

The case is reversed, the temporary injunction is dissolved, and the cause remanded.