W. A. LEYHE PIANO CO. v. AMERICAN MULTIGRAPH SALES CO. (No. 7229.)

(Court of Civil Appeals of Texas. Dallas. Dec. 5, 1914.)

1. APPEAL AND ERROR (§ 770*)—QUESTIONS PRESENTED—SUGGESTION OF DELAY.

Even though the appellant files no brief, a suggestion by the appellee that the appeal was taken for delay only opens the entire record, and requires the court to reverse the judgment for any material error there may be therein.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3104, 3106, 3107; Dec. Dig. § 770.*]

2. APPEAL AND ERROR (§ 1001*)—REVIEW—VERDICT.

Where there was evidence to support the findings of the jury on the controlling issues in the case, the verdict cannot be disturbed, although the evidence was not conclusive.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3922, 3928–3934; Dec. Dig. § 1001.*]

3. COSTS (§ 260*)—FRIVOLOUS APPEAL—DAMAGES.

Damages for the taking of an appeal for purposes of delay will not be awarded, unless it appears from the record that there was absolutely no just cause for the appeal, and that it was taken for delay only.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 983–996, 1002, 1003; Dec. Dig. § 260.*]

Appeal from Dallas County Court; W. F. Whitehurst, Judge.

Action by the American Multigraph Sales Company against the W. A. Leyhe Piano Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Thomas, Milam & Touchstone, of Dallas, for appellee.

TALBOT, J. This case has not been briefed by appellant, and was submitted on the brief of appellee, suggesting that the appeal was taken for delay and asking 10 per cent. damages. From appellee's brief we take the following statement of the nature and result of the suit:

"On April 10, 1913, the American Multigraph Sales Company, an Ohio corporation, with a lawful permit to do business in Texas, brought this suit in the county court of Dallas county at law against the W. A. Leyhe Piano Company, a Texas corporation, upon a signed order for various items, including one multigraph machine and attachments, in the aggregate sum of $365; the same being signed 'Leyhe Piano Company, by Sidney F. M. Carrogher,' and approved by F. C. Hill, division sales manager of the American Multigraph Sales Company. The defendant's first amended original answer was filed on February 4, 1914, claiming, among other things, that the multigraph machine and the attachments were not bought by the defendant, but were placed at its place of business on trial, and claiming, also, that Sidney F. M. Carrogher, the party who signed the Leyhe Piano Company's name to the order, was not authorized to do so. The case was tried in the county court at law, February 4, 1914, before the court and a jury, and verdict and judgment rendered in favor of the appellee for the sum of $365, with interest thereon at the rate of 6 per cent. per annum from January 1, 1913, and foreclosure of mortgage lien."

[1] Notwithstanding appellant's failure to brief the case and assign error, the suggestion of delay by appellee opens up the entire record, and requires this court to reverse for material error, if such be found.

[2] An examination of the record discloses that there were in the court below, and are in this court, as contended by appellee, but two questions in the case. First, was there a purchase of the machine in question by the appellant from appellee? and, second, did the advertising manager of appellant have authority to purchase said machine from appellee for appellant? These were issues of fact for the determination of the jury. The evidence offered in support of them was not conclusive, but it is sufficient to support the findings of the jury, and they should not be disturbed. It certainly cannot be said as a matter of law, arising upon the evidence, that the controlling issues in the case, and to which we have referred, were not established. This being true, the verdict and judgment must be allowed to stand.

[3] The prayer for 10 per cent. damages, however, will be denied. We are not prepared to say, upon consideration of the entire record and the character of the evidence introduced to sustain appellee's case, that there was absolutely no just cause for this appeal, and that it was taken for delay only. The judgment of the court below will therefore be affirmed, without damages.

Affirmed.