**CAPLES et al. v. BUELL.  (No. 1251.)**

(Court of Civil Appeals of Texas. El Paso.
Nov. 10, 1921.   Rehearing Denied Nov. 17,
1921.)

1. **Divorce ⊜⇒331—Foreign decree for alimony
held final and enforceable in this state.**

Where an interlocutory decree of divorce
in California reserved the right to make order
concerning property rights for allowance of
alimony, etc., and thereafter the court entered
an order awarding alimony in a certain sum
"and in complete settlement of all property
rights herein" and "payable forthwith," and
thereafter final decree of divorce was entered
which confirmed the decree for alimony, and
contained no provision for further action, there
was a final judgment which could be sued on in
Texas under the full faith and credit clause of
the federal Constitution.

2. **Wills ⊜⇒602, 603(6)—Power of absolute
disposition does not enlarge estate for years
to fee.**

An estate for years is not enlarged to a
fee by an added power of absolute disposition,
and there may be a valid remainder limited
after such an estate.

3. **Wills ⊜⇒681(2)—Codicil held to create es-
tate for years in trustees with remainder.**

A will and codicil leaving property to trus-
tees with absolute power of disposal, part to
go to cestui que trust after expiration of ten
years, if the latter did not die before such time,
held to create an estate for years in the trus-
tees, coupled with the powers specified, with a
remainder to the cestui que trust limited after
such estate.

4. **Wills ⊜⇒634(15)—Direction to distribute at
end of ten years held to create vested re-
mainder.**

Where property was left in trust for ten
years, and trustees were given absolute power
of disposition, cestui que trust to have a share
of estate at the end of the period, unless he
died during the ten years, held, that there was
created a vested, and not a contingent, re-
mainder.

5. **Execution ⊜⇒41 — Wills ⊜⇒682(2) — Inter-
est of beneficiary of spendthrift trust not
subject to execution, but vested remainder is.**

Where a spendthrift trust was created,
beneficiary to take estate at expiration of ten-
year period, the remainder could be sold un-
der execution, but the interest of the beneficiary
of the trust was not subject to execution.

6. **Wills ⊜⇒674—Will held to create spend-
thrift trust.**

A will and codicil devising property in trust
for ten years, with absolute power of disposi-
tion in the trustees, beneficiaries to have no
control during such period and the estate not
to be liable for any debt of any beneficiary, held
to create a spendthrift trust.

Appeal and Error from District Court, El
Paso County; Ballard Coldwell, Judge.

Suit by Muriel Buell against Wm. J. Caples
and others.  Judgment for plaintiff, and de-
fendants appeal and bring error.  Reformed
and affirmed.

Lea, McGrady, Thomason & Edwards, of
El Paso, for appellants and plaintiffs in
error.

Burges & Burges, of El Paso, for appellee
and defendant in error.

HARPER, C. J.  This suit was instituted
by Muriel Buell against Wm. J. Caples upon
a judgment for $20,000 and interest, obtained
in the state court of California.  At the same
time she sued out and levied a writ of at-
tachment on certain lands in El Paso Coun-
ty, Tex.

Defendant Caples answered by general de-
murrer, general denial, and special plea to
the jurisdiction of the court in California,
as follows:

"The defendant denies that the court had
jurisdiction to enter the judgment declared on
by plaintiff, because (he says) under the laws
and statutes of California at the time said
judgment was rendered the court had no juris-
diction to fix a gross or lump sum in lieu of
alimony and that any judgment entered against
him for $20,000 is void."

The defendants Marr, Ed and Joe Caples
(the latter having been made parties defend-
ant by first amended petition) answered by
general denial, and specially that they were
independent executors and trustees under
the last will and estate of Margaret A.
Caples, who owned the land attached at the
time of her death; that the latter conveyed
and willed to them her entire estate in trust
for certain purposes; that no part of same
was given to defendant Wm. J. Caples, be-
cause he was a spendthrift, and that the
provisions of the will were prompted by that
fact, and further provided that no part of
the estate should be taken or subjected to
any claim against him; that the attachment
cast a cloud upon their title; and prayed that
same be removed.

Trial by the court without a jury and judg-
ment for plaintiff against Wm. J. Caples for
amount sued for, and foreclosed the attach-
ment lien, and directed an order of sale of
the undivided one-fifth interest of the defend-
ant Wm. J. Caples in the lands described;
further decreed that no possession or right
of possession vest in the purchaser at the
sale until after the termination of the trust
estate, vested by the will in Edward and
Joseph Caples and James L. Marr, and that
on the termination of said trust estate, No-
vember 3, 1929, writ of possession shall
issue in favor of the purchaser or purchasers
at such sheriff's sale.  The decree further
recites that the trustees take nothing except
their costs, and that the plaintiff's cause
of action as against said trustees, either in-

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

dividually or as independent executors, be and the same is hereby dismissed, without prejudice to any action or actions, suit or suits, that plaintiff may desire to institute to enforce this judgment against the defendant Wm. J. Caples. From which the cause is here for review.

[1] The first question is: Is the judgment for alimony rendered in the California court such as will support an action thereon in Texas? Appellant's proposition is that—

"A judgment for alimony rendered in another state, which under the statutes of that state is conditional, and subject to be changed or modified by the court rendering it at any time in the future, is not a final judgment which can be sued on in Texas, under the full faith and credit clause of the federal Constitution."

The record discloses that on February 19, 1918, an interlocutory decree of divorce was entered in favor of plaintiff, Muriel B. Caples, against William J. Caples; that this was in conformity to the statutes of California. This decree contained the following:

"The court hereby specially reserves the right, upon further hearing of this cause, to make such order and judgment concerning the property rights for allowance of alimony and counsel fees as to the court may seem just."

Thereafter on March 6, 1919, the court entered its order awarding alimony in the sum of $20,000, "and (it recites) in complete settlement of all property rights herein," and further recites that it is "payable forthwith"; and thereafter on March 7, 1919, final decree of divorce was entered, which confirms the above decree for alimony, and there is no provision in the last decree for further action in order to furnish complete relief.

In the case of Criteser et ux. v. Gaffey, 222 S. W. 193, Supreme Court of Texas, it is held that where the Supreme Court of the state has construed the statute we are bound by the construction given.

It will be noted that the final decree rendering judgment for the amount sued for recites that this amount is "in complete settlement of all property rights" and "payable forthwith." In the case of White v. White, 130 Cal. 597, 62 Pac. 1062, 80 Am. St. Rep. 150, in passing upon the question of finality of such a judgment, it was said, in effect, that where a simple money judgment is entered, with no provision in it that the court may thereafter modify or change it, it becomes final upon the adjournment of that term of court, and it may not thereafter be changed. This decree also recites that it is "in complete settlement of all property rights, payable forthwith," so it is a final judgment for that reason. Sistare v. Sistare, 218 U. S. 1, 30 Sup. Ct. 682, 54 L. Ed. 905, 28 L. R. A. (N. S.) 1068, 20 Ann. Cas. 1061. See, also, Wilson v. Elliott, 96 Tex. 472, 73 S. W. 946, 75 S. W. 368, 97 Am. St. Rep. 928, on certified question on custody

of a child, the decree rendered in a divorce proceeding in another state. This assignment, for that reason, is overruled.

The other questions presented for our determination are: (1) Did W. J. Caples take an interest in the lands under his mother's will that is subject to execution? (2) If yea, could the court render an unconditional foreclosure or order that the purchaser at foreclosure sale be placed in possession of the lands at the end of ten-year trust period provided in the will, in view of the provisions in the will that the trustees could sell the land, and the further provision that W. J. Caples takes no interest in case he died within ten years.

The trial court made and filed the following findings of fact and conclusions of law:

"(1) That the plaintiff recovered a judgment against the defendant in the state of California, for the sum of $20,000, on the 7th day of March, A. D. 1919.

"(2) That such judgment bears interest at the rate of 6 per cent. per annum.

"(3) That such judgment was duly provided in this cause, as provided by the act of Congress.

"(4) That defendant has a present interest, by devise, in the estate of his deceased mother, Margaret Ann Caples.

"(5) That the defendant's interest in his mother's estate is a vested interest, and does not depend upon any contingency, but is subject to be defeated by the death of defendant before the expiration of ten years from the death of his mother.

"(6) That the defendant is of an extravagant, wasteful, and improvident disposition.

"(7) That plaintiff duly levied an attachment lien upon the premises shown in the return on the attachment writ issued in this cause. That said property was and is the property of the estate of Margaret Ann Caples, deceased."

The estate of Margaret Ann Caples was devised by will and codicil; its provisions relied on by appellant and pertinent to the questions presented being as follows:

"5. I will, devise and bequeath to my sons, Edward A. Caples, Joseph A. Caples and William J. Caples, each, an undivided one-eighth interest in and to all real estate of which I may die seized or possessed except that disposed of under paragraph 3 hereof. Said interest in said real estate so devised under this paragraph to go to and be the property of my three said sons upon my death.

"6. I will, devise and bequeath to Edward A. Caples (also known as Edward T. Caples), Al. G. Barnes, Joseph A. Caples and James L. Marr, as trustees and not individually, the remaining five-eights of all the real estate of which I may die seized or possessed, except that disposed of under paragraph 3 hereof, said remaining five-eighths of my said estate to go to said four last-named trustees for the following purposes:

"Said trustees shall hold all of said undivided five-eighths interest in and to said real

estate or the proceeds thereof for a period of ten years after my death; and they shall manage said five-eighths interest in said real estate and proceeds thereof, collect the income therefrom, keep the improvements thereon insured and the taxes and expenses in connection therewith paid during said period of ten years, and at the expiration of said ten years after my death said undivided five-eighths of said real estate so left to said trustees in trust and the proceeds of sale thereof shall go to and be the property in fee simple of my five children, viz.: Edward A. Caples, Joseph A. Caples, William J. Caples, Richard Caples and Margaret Caples Barnes, in equal portions, share and share alike; and my said trustees shall thereafter have no further interest therein or control thereof, but during said ten years said estate shall not be liable for any debt of any child named in this paragraph.

"9. My said trustees shall have the power to sell or incumber any of the real estate so given them under paragraph 6 hereof or any property in which my said trustees may reinvest, at any time within ten years after my death, any such conveyance or incumbrance to be only with the consent of a majority of said trustees then living.

"10. My trustees shall, upon sale or incumbrance of any of the property given them under paragraph 6 hereof, use the proceeds thereof for the purpose of reinvestment, which reinvestment may be in real estate or in notes well secured by real estate security, and said trustees are given the power to sell any of said real estate for such purposes; and in case of any such reinvestment or reinvestments, the property so acquired thereby, whether the same be real estate or notes, shall, at the expiration of ten years from my death, go to and be the property of my beneficiaries under paragraph 6 hereof in the same proportion as the property which was disposed of or incumbered would have gone under the provisions of this will; said property so reinvested in by my said trustees to be considered the same as if it were owned by me at the time of my death and disposed of under paragraph 6 of this will; and should any of my said real estate be sold and the proceeds thereof reinvested by said trustees in notes or anything other than real estate, such reinvestments shall be considered as a part of the five-eighths in my real estate disposed of under paragraph 6 hereof, and be disposed of the same as the real estate given my said trustees under paragraph 6 hereof has been disposed of by me under this will.

"11. No conveyance or incumbrance of property mentioned under paragraph 6 shall be valid during the ten years after my death unless a majority of my trustees then living join in such conveyance or incumbrance; and everything to be done in connection with the handling of my estate shall be with the joint consent and action of the majority of trustees appointed by me under this will as may be then living; and it is expressly provided that if any of the four trustees and executors named by me under paragraph 6 of this will shall die within ten years after my death or before I die, then and in such event I hereby make, constitute and appoint the American Trust & Savings Bank of El Paso, Texas, executor and trustee in the place of the first of said trustees and executors, named in said paragraph of this will dying within said ten years, and the said American Trust & Savings Bank shall have the same powers as have hereinbefore been given by me to the executor and trustee so dying."

The material part of the codicil is paragraph 2, which reads:

"2. In lieu of and in place of paragraphs five, six, seven and eight of my said will, I now will, devise and bequeath as follows: All of my estate including the interest of my deceased husband as above stated and except that disposed of by paragraphs 2 and 3 of my said will, I will, devise and bequeath in trust to my sons Edward Caples and Joseph Caples, and my friend James L. Marr, as trustees, for the purposes, uses and with the authority herein stated; such trustees shall hold such estate for the term of ten years and have the legal title and possession thereof and shall keep same in repair, insured against fire, taxes paid, rent and manage same in a judicious manner, collect the rents and income therefrom, pay their own fees and expenses of management and pay one-fifth of the net income therefrom monthly to my daughter, Margaret Barnes, not to exceed three hundred dollars per month for her maintenance and the other four-fifths of such net income to the extent of four hundred dollars per month shall be paid to my four sons equally, that is, $100 per month to each son for their maintenance, and said trustees may in their discretion pay my said sons from time to time more of said $4/5$ income for their maintenance, such extra amount to be determined from time to time by my trustees, but on all occasions each son to be treated alike and with equality. All such payments to my sons and daughter to be made to them personally and no part of any such income shall ever be transferred or assigned by any of them and shall not be subject to any judicial process against any of them, at any time before same has been paid over to the beneficiary as herein provided. Should either of my children die before the expiration of said ten years then the child or children of such deceased child, if any, shall succeed to the rights of the child so dying. My said trustees may dispose of any part of said trust estate in the manner indicated by paragraph nine, ten and eleven of my said will and reinvest the same. At the expiration of this trust if one child has drawn more income than another he or she shall duly account for such excess in the division of my estate. At the expiration of ten years from the date of my death I give, devise and bequeath to such of my five children, Edward, Joseph, William, Richard and Margaret as shall then be living each one-fifth equal share and part of my estate and the property and estate above given to said trustees in trust and the proceeds of any part of same on hand; and if either of said children die before the expiration of such ten years leaving a child then the part that would go to my child if living shall go to the child or children of my child so dying; but if one or more of my children should die before expiration of such ten years leaving no child then the part that would go to such dead child or children if living shall go to my surviving children and the children of

any dead child as above provided. No child of mine shall have any right to sell, transfer, convey or incumber any part of the property or estate disposed of by this codicil until after the expiration of ten years from my death and not until the expiration of such trust and such child has received his or her part, nor shall any part of my estate or property disposed of by this codicil be seized, attached or in any manner taken by any judicial proceeding or court process against any of my children until the expiration of ten years from my death and the termination of this trust (this restraint on alienation not to apply to my homestead given to Margaret). This restraint on alienation shall not apply to my sons Edward and Joseph when acting in the capacity of trustees of this codicil and my will. I expressly revoke so much of my said will as appoints Al. G. Barnes an executor and a trustee in said will and provide that said will shall in all respects be so amended as to provide that my will and estate shall have only three trustees and executors instead of four and that such three shall be Edward Caples, Joseph Caples and James L. Marr; and a decision of a majority of said three trustees and executors shall control; and in event of death or refusal to act of either of said three trustees then the First National Bank of El Paso shall succeed to such vacancy."

Appellee insists that under this will Wm. J. Caples took a vested remainder which is subject to execution and sale, and that a sale under the judgment would vest title in the purchaser subject to be defeated by the conditions subsequent, viz. in case of his death prior to the termination of the ten-year period or sale by the trustees within that time.

On the other hand, appellants' contention is that—

"Wm. J. Caples took no such interest in the lands in controversy under the will of his deceased mother, Margaret A. Caples, as was subject to execution, where such will gave her estate to others as trustees with the legal title and full power of sale, which trust should continue for ten years, with provision that Wm. J. Caples should have no right to convey or assign any interest in any part of the estate and no part of same should be taken upon any claim or judicial proceeding against him, and the only interest which he should ever have (aside from a restricted interest in the income, which is not here in controversy), being a one-fifth interest in what might be left of the estate which should be going to him at the end of ten years, upon condition that he should then be living. Such interest is too contingent, uncertain, and remote as to be subject to sale under execution. Especially is such the law where the will disclosed that Wm. J. Caples was a spendthrift, and it was the intention of the testatrix by her will to create a spendthrift trust for his personal benefit, and that he should take no title or interest that he could in any way alienate, or that could be sold on any claim against him, until the expiration of ten years from testator's death, which time has not expired."

Unless it can be said that the will vested in the trustees an estate in fee, then Wm. J. Caples acquired under the will an estate in remainder.

[2] It is true the trustees are vested with the power of disposal, but the weight of authority is to the effect that a life estate expressly created is not enlarged to a fee by an added power of absolute disposition, and that there may be a valid remainder limited after such an estate. This view has been expressly adopted by the Supreme Court of this state, in Caples v. Ward, 107 Tex. 341, 179 S. W. 856. There is no reason why the same rule would not apply to an estate for years. The estate of the trustees is limited to a term of ten years, and this excludes the idea of an estate in fee.

[3] We are therefore of the opinion that the codicil to the will of Mrs. Caples created an estate for years in the trustees, coupled with the powers therein specified and with a remainder limited after such estate in favor of Wm. J. Caples to a one-fifth interest.

[4, 5] The question then arises as to the nature of this remainder. Was it vested or contingent? The answer to this question is completely ruled by the opinion of the Supreme Court in Caples v. Ward, supra, and upon the authority of that case the remainder was a vested one and subject to execution. A sale under execution of the remainder vested in Wm. J. Caples will not cloud the title of the trustees, nor in any wise affect the estate vested in them, nor the powers conferred upon them. A purchaser at such sale will acquire title to the estate in remainder subject to the estate for years vested in the trustees and to the exercise by them of all the powers conferred by the will and codicil. See opinion of Court of Civil Appeals in Ward v. Caples, 170 S. W. 816.

[6] In this connection it should be added that the estate of the trustees constitutes a spendthrift trust, and that the interest of Wm. J. Caples as a beneficiary of such trust is not subject to execution. Dulin v. Moore, 96 Tex. 138, 70 S. W. 742; Seay v. Cockrell, 102 Tex. 280, 115 S. W. 1160; Lindsey v. Rose, 175 S. W. 829; 25 R. C. L. 351.

In other words, we are of the opinion that the only interest of Wm. J. Caples which is subject to the attachment is the remainder vested in him and limited after the termination of the estate for years created in the trustees.

No error is assigned to the form of the foreclosure decree, but as entered it does not adequately protect the estate and powers of the trustees. The judgment of the court below will be reformed to correct this matter.

Reformed and affirmed.