**FERGUSON v. CHAPMAN.**

No. 1542.

Court of Civil Appeals of Texas. Eastland.
May 1, 1936.

Rehearing Denied May 29, 1936.

M. J. Baird, of Sherman, for plaintiff in error.

Hamilton, Lipscomb & Wood, of Dallas, for defendant in error.

LESLIE, Chief Justice.

R. A. Chapman, Jr., instituted this suit against A. M. Ferguson on a promissory note for $19,000 and to foreclose lien securing same. The defendant urged a plea in abatement, suggested lack of necessary parties, and presented answer containing exceptions and general denial. After judgment, the defendant raised certain questions involving the qualifications of the trial judge. The trial was before the court and jury and resulted in a verdict for the plaintiff. The defendant appeals, and the parties will be referred to as in the trial court.

The defendant Ferguson executed said note to plaintiff Chapman August 31, 1929, payable on demand, with extension agreement August 7, 1933, to August 17, 1933. To secure it, Ferguson executed a mortgage upon all his right, title, and interest in the estate of his deceased sister, Kate F. Morton, the same being all such proper-

ty as "he might be entitled to as legatee under the will of said Kate F. Morton, deceased, or as an heir under the law of descent and distribution of the State of Texas." The note bore 8 per cent. interest and provided for 10 per cent. attorney's fees. At date of judgment, it amounted to $28,026.16, which was entitled to a credit of $1,375, as found by the jury. The petition alleged probate of the Morton will, the defendant's rights as residuary legatee to a large portion of her property, and referred to the description thereof as found in the records of the deed of trust and probate proceedings in Haskell county, etc.

This suit (No. 4482) was filed August 25, 1934. September 24th following was appearance day of the court. On the latter date, the defendant and his attorney being present in court, it was announced that the instant case would be set for trial October 29, 1934. October 29, 1934, the Hon. A. S. Mauzey, judge of the Thirty-Second judicial district of Texas, sitting in exchange of benches with the Hon. Clyde Grissom, district judge of the Thirty-Ninth judicial district, was present, presiding over the Haskell district court. The instant case was called for trial. Neither the defendant nor his attorney were present and no announcement was made by the defendant.

When the case was called there was on file the defendant's plea in abatement filed September 24, 1934, setting up that a suit involving the same parties and subject-matter had been filed in the district court at Dallas county prior to the filing of this suit in Haskell county, and that it had been set for trial in Dallas county on December 15, 1934, etc. This contention was answered by the plaintiff's filing in this case on October 29, 1934, a certified judgment of the Dallas district court dismissing without prejudice on October 27th the suit pending in that court. Hence, no error in overruling the plea in abatement.

After the disposition of the plea in abatement, a jury was impaneled in response to the defendant's written demand therefor, accompanied by the clerk's receipt for the jury fee paid by the defendant.

The jury impaneled, the trial proceeded, and while the testimony was being intro-

duced there was filed with the clerk of the court, about 3 or 3:15 o'clock p. m., what is designated as "Defendant's Plea in Abatement or Bar in said Cause." It was signed by the defendant and his attorney, and suggested the lack of an alleged necessary party, namely, A. M. Ferguson, temporary administrator of the estate of Kate F. Morton, deceased. It prayed for dismissal or abatement of the suit. The trial continued, and after plaintiff rested his cause and while the court was preparing his charge, the defendant caused to be filed with the district clerk, about 3:20 or 3:25 p. m., an answer in the cause. It presented (1) special exceptions, (2) general demurrer, and (3) general denial. One Bill Gidney filed these pleadings in behalf of defendant.

In response to a special issue, the jury found the note entitled to a credit of $1,375, and upon the verdict and undisputed evidence the court rendered the judgment October 29, 1934. The following November 6th, defendant filed "Objections to the Trial," the gist of which is that Judge Mauzey had not been designated to sit therein in accordance with the Constitution and statutes of Texas. If these "Objections" were called to the attention of the court and a ruling had thereon, the transcript shows no evidence of same in the minutes of the court.

■ Following the judgment of October 29, 1934, the defendant filed on October 31st his "Original Motion for a New Trial." Until the filing of this motion for a new trial, no question whatever had been raised in this cause by the defendant suggesting disqualification of Judge Mauzey by reason of interest, bias, partiality, etc. There is attached to said motion an affidavit by the defendant in which he states, among other things, that on September 1, 1934, he filed in this cause a motion alleging interest, bias, partiality, etc., of said Judge Mauzey. A careful examination of the record, and especially the affidavit, discloses that there was attached to the affidavit (made October 31st) as Exhibit 1 a document styled and captioned as follows:

"Application of Estate of Kate F. Morton, A. M. Ferguson, Temporary Administrator, and Joined as Intervenor by A. M. Ferguson, Individually, as Devisee, Legatee, and Creditor of Estate for Special Judge and Special Term of District Court, Haskell County, Texas.

"To Hon. W. R. Chapman, Presiding Judge, Judicial District and Hon. Clyde Grissom, Dist. Judge, Haskell, Texas. "Filed in No. 4347 but referring to all cases.

"On this August 31st, 1934, comes:

"Estate of Kate F. Morton, A. M. Ferguson, Temporary Administrator with A. M. Ferguson, individually, as devisee, legatee, and creditor of said estate, and joining as intervenor, hereinafter referred to Petitioners when both are meant, and make this application for appointment of special judge and for designation of a special term of district court of Haskell County, Texas, to try pending estate cases hereinafter named, and state:" etc.

This application states that it contains "a detailed and comprehensive history setting out the actual occurrences and facts and the acts which have occurred in the District Court of Haskell County (and also the County Court of said county) for the period from 1925 to the present time showing the alleged complete break-down of the administration of those courts in said county with reference to the business of the estate of Kate F. Morton, deceased, and of this affiant," etc.

This application set up that there was then pending for trial in the district court of Haskell county about 30 cases involving the Morton estate, and a list of the same, including the present one (4482) was set out. This application to Judges Chapman and Grissom concluded with a prayer for relief as follows:

"(1) Calling of a special term of the district court of Haskell County, Texas, to hear petitioner's motion for a change of venue on all pending cases involving the estate of Kate F. Morton, A. M. Ferguson and Joe Lee Ferguson and Ferguson Seed Farms.

"(2) That the presiding judge of the judicial district, or said district judge of said Haskell County as for or obtain through said presiding judge of the Administrative Judicial District W. R. Chapman, a special judge or said Hon. W. R. Chapman, presiding judge of the said administrative judicial district, to try said matters, the judge to be obtained, to be some judge other than the said Judge A. S. Mauzey; the trials to be, first, upon the application for change of venue.

"(3) That if a change of venue be not granted, then that these pending cases therein mentioned be tried on their merits at an early date."

The application or motion thus addressed to said two officials appears to have had the double purpose of having Judge Chapman, presiding judge of the administrative district, appoint a district judge, other than Judge A. S. Mauzey, to try said cases involving the Morton estate, and also to have Judge Grissom call a special term of the Haskell district court for the trial of said cases by the judge so designated. Evidently it was a copy of this application or motion that was delivered by the defendant to Judge Mauzey at Sweetwater about September 1st.

It clearly appears from the record and the defendant's motion for a new trial that the instrument thus delivered by the defendant to Judge Mauzey in chambers at Sweetwater, Tex., about September 1, 1934, and now alleged and relied upon to raise the question of his disqualification to try this case, was never (prior to filing of the motion for a new trial, October 31st) filed in this cause in the district court of Haskell county. Hence, it is certain that at and prior to the trial of the case, there was no motion or pleading filed therein by the defendant raising any question of the disqualification of Judge Mauzey by reason of interest, bias, etc., or otherwise challenging his legal right to exchange benches with Judge Grissom and preside at the trial of the instant case in the district court of Haskell county and dispose of such business as might properly come before said court.

. The record presenting these unchallenged facts compels the conclusion that presiding Judge Mauzey committed no error in failing to set down for hearing and pass upon, either at or prior to the trial, said application or motion seeking to raise issues of his disqualification, but addressed to Judges Chapman and Grissom. The assignments raising the question are overruled.

■ There is no evidence in the record that said Mauzey had any interest, pecuniary or otherwise, in the suit or its outcome, or any other suit in which the defendant or the estate of Kate F. Morton might be interested. Neither at the time of trial, nor at the hearing on the motion for new trial, was any evidence offered to sustain said charges of bias, prejudice, etc. Further, the matters of disqualification urged against said judge are not held to be legal disqualifications under the Constitution and laws of this state.

Article 5, § 11, of the Constitution provides: "No judge shall sit in any case wherein he may be interested, or where either of the parties may be connected with him, either by affinity or consanguinity, within such a degree as may be prescribed by law, or when he shall have been counsel in the case."

The statute, in substance the same, fixes the disqualifying relationship within the third degree. In 25 Tex.Jur. p. 265, § 25, it is said that: "The qualifications of a judge to sit in a case are not to be tested by the rules applicable to jurors. Inasmuch as it is not made a ground of disqualification by the Constitution or by statute, the fact that the judge may be biased or prejudiced does not preclude him from sitting. Thus a judge is not disqualified because of opinions held or information received as to the issues involved, because he participated in a previous trial between the parties, because he entertains an unfavorable belief as to the credibility of a party to the case" etc.

The text properly interprets the authorities. In McInnes v. Wallace (Tex.Civ. App.) 44 S.W. 537, it is said: "The interest which disqualifies a judge from sitting in a case does not signify every bias, partiality, or prejudice which he may entertain with reference to the case, and which may be included in the broadest sense of the word 'interest,' as contradistinguished from its use as indicating a pecuniary or personal right or privilege in some way dependent upon the result of the case."

Construing said constitutional provision, our Supreme Court in Love v. Wilcox, 119 Tex. 256, 28 S.W.(2d) 515, 518, 70 A.L. R. 1484, held that under the Constitution it was the duty of a judge to sit in cases save those wherein he may be interested, where the parties may be connected with him either by consanguinity or affinity within the third degree, or when he shall have been of counsel in the case. In that opinion Judge Greenwood quotes with approval from the Supreme Court in McFaddin v. Preston, 54 Tex. 403, 406. In that case the district judge announced that he was embarrassed to proceed with the trial because "of his personal interest adverse to appellants, in the questions involved." The quoted portion of said opinion reads: "The interest of the learned judge presiding, however, was simply in the question involved and not in the result of

the suit. This was not such disqualifying interest as would prevent him from trying the cause, or would authorize the appointment of a special judge. The presiding judge not having been disqualified, it was his duty, however embarrassing, to have proceeded with the trial."

Clearly the provisions of the Constitution and the statute are held to be inclusive and exclusive. That is, the law enumerates the only instances in which an interest, not pecuniary, will disqualify a judge. As said in King v. Sapp, 66 Tex. 519, 2 S.W. 573, 574: "By naming these special cases where the judge's feelings may be interested, though he may not gain or lose by the event of the suit, the law doubtless intended to limit all other cases of interest to such as should be of a pecuniary nature. The judge must, by the judgment in the case, gain or lose something, the value of which may be estimated."

Other authorities to the same effect are: City of Dallas v. Peacock, 89 Tex. 58, 33 S.W. 220; Burks v. Bennett, 62 Tex. 277; Marsh v. Ferguson (Tex.Civ.App.) 262 S.W. 805; Bramlett v. City of Dallas (Tex.Civ.App.) 11 S.W.(2d) 209; Elliott v. Scott, 119 Tex. 94, 25 S.W.(2d) 150; City of Oak Cliff v. State, 97 Tex. 391, 79 S.W. 1068; 25 Tex.Jur. p. 269, § 29; p. 265, § 25.

There being neither allegation nor proof that presiding Judge Mauzey had ever been of counsel for either of the parties in the case, that he was related to either of them by affinity or consanguinity within the third degree, or that he had in any respect a pecuniary interest in the subject matter of the suit or its outcome, the assignments seeking to raise such question are overruled. See 25 Tex.Jur. p. 268, § 28 et seq., and authorities there cited.

As stated, there was no testimony on the issue of disqualification, but if it be granted that the defendant's motion for new trial raised such issue and that he offered testimony to sustain the same, nevertheless the assignments under consideration would have to be overruled for the additional, reason: The determination of the issue of disqualification is for the recused judge in the first instance. Slaven v. Wheeler, 58 Tex. 23; Kahanek v. Galveston, H. & S. A. Ry. Co., 72 Tex. 476, 10 S.W. 570; 25 Tex.Jur. p. 296, § 51. An issue of fact is involved. Slaven v.

Wheeler, supra; Adams v. State, 90 Tex. Cr.R. 65, 233 S.W. 844; Benson v. State, 39 Tex.Cr.R. 56, 44 S.W. 167, 1091. And the evidence should in a proper case, as in the instant one, be produced. Wright v. Sherwood (Tex.Civ.App.) 37 S.W. 468; Henderson v. Lindley, 75 Tex. 185, 12 S. W. 979; Benson v. State, supra.

In Wright v. Sherwood, supra (writ error refused by the Supreme Court, 38 S. W. xvii), and where no other point was involved, it was held that in the absence of a statement of facts, the appellate court cannot determine whether the trial judge was disqualified, as suggested in the court below.

It is next contended that the trial court erred in permitting the trial to proceed without the presence of the defendant and his attorney. No motion for a continuance or postponement was made by the defendant, although he and his attorney were present in open court appearance day, September 24, 1934, when the case was set for trial October 29, 1934. Article 2167, Vernon's Ann.Civ.St., provides that: "No application for a continuance shall be heard before the defendant files his defense, nor shall any continuance be granted except for sufficient cause supported by affidavit, or by consent of the parties, or by operation of law."

This statute has been held to be mandatory. Payne v. Latham (Tex.Civ.App.) 8 S.W.(2d) 326.

The transcript and the testimony show the defendant had not at the beginning of the trial filed any answer whatever setting up "his defense." The trial was well-nigh over when the defendant, through a party present, filed with the papers of the case an answer containing exceptions, general, denial, etc., as previously pointed out.

On the morning of October 29th, the court first disposed of the defendant's plea in abatement then on file, and then impaneled a jury in compliance with the written request of the defendant. Relative to the absence of the defendant and his attorney at the trial, the defendant's affidavit to the motion for a new trial states that he was occupied at such time in preparing and submitting to the Court of Civil Appeals, and thereafter to the Supreme Court, a petition to have said courts mandamus the Hon. W. R. Chapman, judge of the Seventh administrative judicial district, to appoint a judge, other than said

Mauzey, to try this and the other cases in which the defendant was interested and to have Judge Grissom call a special session of the district court in Haskell county, etc. He further sets out in the affidavit that by reason of certain inaccuracies in said motion to the appellate courts, etc., which it was necessary to correct, car trouble, and inability to get the motions acted upon prior to October 30, 1934, he was unable to be present at the trial of the instant case. In the petition addressed to Judge Chapman and the appellate courts, numerous complaints are lodged against county and district officials of Haskell county and various persons therein, and in that same connection he alleges with reference to Judge Mauzey that "Judge A. S. Mauzey in the trial of case No. 4380 had placed in his hands (Mauzey's) full and illuminative briefs on the law showing the overwhelming weight of authority, including the Supreme Court of the United States, upholding the principles * * *" contended for by the defendant. That nevertheless said Judge ruled adversely to the defendant "* * * denying these well established principles of law and their application to the case."

In the light of said statute (article 2167) and the facts disclosed by the record, the court would have had no legal authority to continue the case. In Costley v. Chapman (Tex.Civ.App.) 262 S.W. 543, it was held that although the defendant was prevented from being present at the trial because of attendance at another court, this was not sufficient ground for a continuance, and it is there further held that the burden is upon the defendant to allege and prove that he was prejudiced by the case going to trial in his absence. There is no such allegation or proof in the present case.

Neither in the motion for a new trial, nor in this court, does the defendant make any attack upon the accuracy of the amount of the judgment or the justice of the same as rendered by the trial court. In his various petitions and exhibits presented to Judge Chapman and said appellate courts, he frankly admits his indebtedness to the plaintiff amounting to approximately $30,000, that it was past due and unpaid, and that it is secured by the alleged lien or deed of trust on his interest in the estate of Kate F. Morton. The allegations and exhibits go even further

and admit the plaintiff Chapman is being forced by his creditors to sue and recover this debt for his own protection.

The defendant's answer filed near the end of the trial contains nothing but exceptions and a general denial. Nowhere in the answer does the defendant claim or set up a legal defense to the cause of action. Under the above circumstances, this court would not be warranted in reversing the judgment of the trial court simply because of the absence of the defendant whose very pleadings fairly interpreted amount to an admission that he has no defense to the suit. Neither does the showing made by him justify his absence at the trial of the case.

In 31 Tex.Jur. p. 140, § 128, it is said that: "When the motion for a new trial is grounded on * * * the contention that the applicant was not present or represented at the trial * * * in addition to excusing his absence or failure to plead the movant must show, by a sufficiently circumstantial statement, that he has a meritorious cause of action or defense. Generally speaking, the showing of merits should conform to that which is necessary upon a motion for relief from a default judgment. A general averment that the movant has a meritorious cause of action or defense is insufficient; and should be a statement of facts as distinguished from an assertion of conclusions * * *."

The text supports the rule by the authorities there cited. See, also, 25 Tex.Jur. p. 569, § 173; p. 572, § 175, for requisites of motion for rehearing in case of default judgment.

The judgment in the instant case is not regarded as a true default judgment, since the defendant knew of the setting of the case, filed pleas and pleadings therein prior to and during the trial. However, if the defendant's so-called motion for a new trial is one to relieve himself of a default judgment, or to obtain a new trial based upon the absence of himself and attorney at the time of the trial and judgment, the result must be the same. No meritorious defense was pleaded or proved. Since the judgment is in no way challenged as unjust in its nature, or inaccurate in its amount, it is not believed that any district judge in the state sitting in the trial of the case under the circumstances here disclosed could legally have avoided rendering the judgment here sought to be

reversed. The assignments predicated upon the absence of the defendant and his counsel are overruled.

■ Other assignments, to the effect that the Hon. A. S. Mauzey was not legally designated or authorized to try the case in the district court of Haskell county, must be overruled. The record shows that he was at the time of the trial sitting in exchange of benches with the judge of the Thirty-Ninth judicial district, of which Haskell is one of the counties. This fact is not challenged by allegation or proof. Section 11, art. 5 of the Constitution provides that: "District Judges may exchange districts, or hold courts for each other when they may deem it expedient, and shall do so when required by law." Article 1916, R.S.1925, in substance is the same.

The defendant's contention seems to be predicated upon the proposition that a judge should have been designated in accordance with the terms of the Act of the 40th Legislature, c. 156 (Vernon's Ann.Civ. St. art. 200a), known as the "Administrative Judicial District Act." Concerning that act the Supreme Court, through Judge Critz, in Moore v. Davis, 32 S.W.(2d) 181, 182, said:

"The provisions of the act above mentioned relating to the assignment of one district judge to preside over the court of another district judge are not exclusive, but cumulative of other statutes relating to the same subject. Also the right of district judges to exchange districts and hold court for each other is provided for by section 11 article 5 of our State Constitution, and cannot be taken away by statute.

"Sworn public officials are presumed to act lawfully unless the contrary is shown. Under this rule and on the above record, we presume that Judge Watkins presided lawfully at the trial of this case."

For other authorities, see Connellee v. Blanton (Tex.Civ.App.) 163 S.W. 404; Marx v. Weir, 61 Tex.Civ.App. 520, 130 S.W. 621; Lindley v. State, 99 Tex.Cr.R. 85, 268 S.W. 167, and authorities collated under said provision of the Constitution and statute.

■ In the defendant's supplemental brief the contention is made that the district court was without jurisdiction to try this cause because A. M. Ferguson, as temporary administrator of the estate of Kate F. Morton, deceased, was not made a party defendant. The defendant individually secured the loan from the plaintiff, and executed to him the deed of trust lien on his interest in the estate. The Morton will had been probated. The deed of trust covered all his interest as heir and/or devisee in and to the real estate of the deceased. The interest mortgaged was a vested interest and as such subject to sale or encumbrance. The suit is in no respect an attempt to interfere with the administration of the estate of Kate F. Morton. It is simply a suit for debt and foreclosure. The property to be foreclosed on is the interest of A. M. Ferguson personally, and not as the administrator of the estate of Kate F. Morton, deceased. The right to such foreclosure is well settled. Gregg v. First Nat. Bank of Brownsville (Tex.Com.App.) 26 S.W.(2d) 179; Ward v. Caples (Tex.Civ.App.) 170 S.W. 816; Caples v. Ward, 107 Tex. 341, 179 S.W. 856; Pleasant v. Mims et al. (Tex.Civ. App.) 55 S.W.(2d) 171. Upon these authorities we overrule this contention.

■ The next point presented in the supplemental brief is that the judgment rendered by the trial court foreclosing the lien is void because it does not and cannot definitely name the land or other property upon which foreclosure is granted. The proposition proceeds upon the theory that the judgment is necessarily indefinite as to the property foreclosed on, since the administration is still pending and there is no proof or evidence of the amount or number of debts of the estate which must first be paid. In urging this proposition the defendant overlooks the point that this suit is not even an attempt to interfere with the administration of the estate. It is based simply upon the assignment and mortgages which the defendant had a right to execute on his vested interest in said estate. The judgment simply forecloses the vested interest of A. M. Ferguson as heir and/or devisee of Kate F. Morton in and to certain properties specifically described in the mortgage and judgment. Of course, the debts of the estate under the statute must first be paid before the property is subject to distribution, but under the above authorities the interest of the defendant in said estate is no less vested because it is subject to the payment of the debts of the estate. No relief is sought against the estate. There is no element of indefinite-

ness in the judgment by reason of the matters set forth in the contention and the same is overruled.

The plaintiff seeks to have the judgment of the trial court affirmed with 10 per cent. damages under article 1860, R.S.1925, authorizing the imposition of such damages on a party appealing or suing out a writ of error in case such appeal "has been taken for delay and * * * there was no sufficient cause for taking such appeal."

The motion for new trial was overruled November 6, 1934, the petition for writ of error was filed January 14, 1935, bond filed January 18, 1935, citation in error served January 19, 1935, and a 276-page transcript and a statement of facts filed in this court March 19, 1935. Briefs for defendant by different attorneys covering about a 100 pages, presenting many contentions and numerous authorities, have been filed in due time. The judgment is large and the penalty would amount to about $3,000. After a careful consideration of the record as a whole, and the questions raised, we do not believe the appeal frivolous or sued out for delay. It is not to be regarded as trivial. W. A. Leyhe Piano Co. v. American Multigraph Sales Co. (Tex.Civ.App.) 171 S.W. 494; Maryland Casualty Co. v. Gerlaske (C.C.A.) 68 F.(2d) 497, 499; Nichols v. Paine, 52 Tex.Civ.App. 87, 113 S.W. 972; Missouri, K. & T. R. Co. v. Pitkin (Tex.Civ.App.) 158 S.W. 1035; Commonwealth Bonding Ins. & Cas. Co. v. Hendricks (Tex.Civ.App.) 187 S.W. 698; Texas Furniture & Trading Co. v. Melott (Tex.Civ.App.) 136 S.W. 541; Bryan v. Wharton Bank & Trust Co. (Tex.Civ.App.) 174 S. W. 827; Shearer v. Chambers County (Tex.Civ.App.) 159 S.W. 999; Boatner v. Providence-Washington Ins. Co. (Tex.Com.App.) 241 S.W. 136; 3 Tex.Jur. 1132, § 796 et seq.; 15 C.J. p. 281, § 692; note 11; p. 284, §§ 697–699.

The penalty will be disallowed, but the judgment of the trial court is affirmed.

GRISSOM, J., disqualified and not sitting.