[S. F. No. 1380. In Bank.—December 6, 1900.]

GEORGE E. WHITE, Plaintiff, v. FRANKIE WHITE, Respondent. J. S. ROHRBOUGH, Appellant.

DIVORCE—ALIMONY—MONEY JUDGMENT—EXECUTION.—A final decree of divorce granted to the wife containing judgment in her favor for permanent alimony in a single sum of money can only be regarded as an ordinary money judgment, to be enforced by writ of execution against the property of the husband.

ID.—RECEIVER APPOINTED PENDENTE LITE—CESSATION OF FUNCTIONS.—The functions of a receiver appointed pending an action for divorce who took possession of no property before the judgment, terminated with the entry of the judgment.

ID.—CONTINUANCE OF RECEIVER AFTER JUDGMENT—JURISDICTION—VOID SALE AND DEED—WRIT OF ASSISTANCE.—The court had no jurisdiction, after the entry of the money judgment in such action, to continue the receiver for the purpose of enforcing the judgment; and a sale made by such receiver of the property of the husband, and a deed thereof made by him to the wife, are void and cannot justify a writ of assistance to the wife as purchaser.

ID.—CONSTRUCTION OF CODE—RECEIVER TO ENFORCE JUDGMENT.—The power given under subdivision 3 of section 564 of the Code of Civil Procedure to appoint a receiver, "after judgment, to carry the judgment into effect," is to be construed as apply-

ing only to cases where the judgment affects specific property, and not as applicable to the case of an ordinary judgment for money, which may be enforced by execution.

Id.—Conclusiveness of Final Judgment—Power not Reserved.—A final judgment in an action for divorce, in which no power is reserved to render any further relief, is conclusive of the rights of the parties, as to the relief granted, as well as to the relief withheld. The court, in such case, is without jurisdiction to render any other or further judgment or relief in the action.

APPEAL from an order of the Superior Court of the City and County of San Francisco granting a writ of assistance. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

R. R. Bigelow, and A. A. Sanderson, for Appellant.

Henry E. Highton, William T. Baggett, and Walter H. Linforth, for Respondent.

VAN DYKE, J.—Appeal by the defendant Rohrbough from an order made on the application of the defendant, Frankie White, directing the issue of a writ of assistance. The case, stripped of immaterial circumstances, is this:

In a suit brought by the plaintiff against the defendant, Mrs. White—in which she had filed a cross-complaint—an interlocutory judgment was entered in her favor for divorce; and afterward, February 9, 1895, a final judgment for one hundred thousand dollars.

A receiver had been previously appointed to take charge of plaintiff's property, though in fact he had not taken any of it into possession. By the final judgment the receivership was continued with authority and direction to the receiver to prosecute suits and "take any and all legal measures and proceedings to enforce and secure the collection of the unpaid monthly allowance theretofore awarded, etc., and also the said sum of one hundred thousand dollars awarded (to the defendant) by said final decree."

Afterward, April 12, 1895, an order was made directing the receiver to sell property of plaintiff, including the lands now in question. Under this order the property was sold by the receiver to Mrs. White, to whom, after confirmation by the court, it was conveyed August 13, 1896. Subsequently, she

applied to the court for a writ of assistance to obtain possession of the land, and thereupon the order appealed from was made. At the time of the sale by the receiver the appellant Rohrbough was in possession of the lands in question under leases from the plaintiff, which expired pending the application for the writ of assistance.

The question involved is as to the jurisdiction of the court to make the order of sale of July 17, 1895; and we are of the opinion that this cannot be sustained.

The judgment in the case is not in any way affected by the provision as to the receiver. The receiver had not taken possession of any property; and the object of his original appointment, and the functions originally vested in him, terminated with the entry of the judgment. Any new duties conferred upon him by the judgment were in excess of the jurisdiction of the court, whose power to appoint a receiver exists only in the cases prescribed by the Code of Civil Procedure, section 564—of which this is not one. (*French Bank Case,* 53 Cal. 495.) The power under subdivision 3 (a new provision of the code) to appoint a receiver "after judgment to carry the judgment into effect," applies only to cases where the judgment affects specific property—as in *Guy v. Ide,* 6 Cal. 101[1]; *Hill v. Taylor,* 22 Cal. 191, and other cases cited in the annotated Code of Civil Procedure, section 564. The provision has no application to a simple money judgment; in such case the writ of execution furnishes an amply sufficient remedy, and is the only means provided. (Code Civ. Proc., secs. 682, 684.) The judgment here can only be regarded as an ordinary money judgment.

The judgment rendered was a final adjudication of the rights of the parties, and was conclusive not only as to the relief granted but as to the relief denied or withheld. (Code Civ. Proc., sec. 1908.) Upon its entry the jurisdiction of the court over the subject matter of the suit and the parties was exhausted, unless preserved in the mode authorized by statute. "By section 1049 of the Code of Civil Procedure, the cause had then ceased to be pending in the court, and the court was without jurisdiction to render any further judgment therein." (*Bracket v. Banegas,* 99 Cal. 627; *Carpentier v.*

[1] 65 Am. Dec. 490.

Hart, 5 Cal. 406; Bell v. Thompson, 19 Cal. 706; 2 Notes to California Reports, 130; Freeman on Judgments, secs. 141, 142; 1 Black on Judgments, sec. 306.) After final judgment any further judgment, or order materially varying the judgment, is a mere nullity. (Barry v. Superior Court, 91 Cal. 486; In re Barry, 94 Cal. 562; Hubbard v. Moss, 65 Mo. 647; Ross v. Ross, 83 Mo. 100.)

Doubtless the court may in its judgment provide for further action in order to furnish complete relief. But in such cases the judgment, as to such matters, is not final. Here there was no provision of the kind, and the judgment was final as to all matters involved. The order complained of was not designed to carry into effect the judgment rendered, but is in effect a new adjudication in the nature of a decree of foreclosure depriving the plaintiff of property held by him under constitutional guaranties, and of which he cannot be deprived without due process of law.

The order appealed from is reversed and the cause remanded, with directions to dismiss the proceeding.

Temple, J., Harrison, J., McFarland, J., Henshaw, J., Garoutte, J., and Beatty, C. J., concurred.

Rehearing denied.