[Civ. No. 18542. Second Dist., Div. One. Jan. 28, 1952.]

LeROY A. HAINES, Respondent, v. RAYMOND A. WERTMAN et al., Appellants.

Arthur E. Boyd, Jr., for Appellants.

James J. McCarthy for Respondent.

WHITE, P. J.—Defendants have appealed from a judgment whereby title to a parcel of real property was quieted in plaintiff and defendants were denied the relief sought in their cross-complaint.

In March, 1944, Henrietta J. Haines obtained an interlocutory judgment of divorce from LeRoy A. Haines, plaintiff and respondent herein. With respect to the property here in question the judgment provided, in part, "that plaintiff and cross-defendant (the wife) may live in the real property of the parties hereto, located at 2460 South Westgate Avenue, West Los Angeles, . . . and may further have the use of all the furniture and furnishings therein contained, for the balance of her lifetime. It is further ordered and adjudged that on the death of either the plaintiff or the defendant, said real property shall be the property of the survivor. . . . It is further ordered and adjudged that all *other* community property shall remain in the possession of the party holding the same at the present time, and it is further ordered that neither of said parties shall sell, transfer or encumber any of the community property without the consent of the other being first obtained. . . ." (Italics added.)

The minute order of the court made at the time the interlocutory judgment was granted contains the statement: "The Plaintiff is to have the use of the home together with the furnishings during the rest of her life. *The property to remain in joint tenancy as at present.*" (Italics added.)

A final judgment of divorce was entered in June, 1945, incorporating therein the terms of the interlocutory judgment. On January 6, 1947, Henrietta Haines executed a grant deed of her interest in the property to her son, Raymond A. Wertman, which deed was recorded. On July 26, 1949, after the previous deed had been recorded, Mrs. Haines executed a grant deed of the same property to her ex-husband, plaintiff in the present action. Plaintiff thereafter brought his action to quiet title to the property against Raymond A. Wertman, Anna Laura Wertman, and others. Defendant Raymond A. Wertman by cross-complaint asserted that the deed to plaintiff was void since Mrs. Haines had theretofore conveyed her interest to him, Wertman, who thereby became a tenant in common with plaintiff.

The trial court found that "on the date of the filing of the complaint in this action, to-wit, on December 16th, 1949, and subsequent thereto, the real property described in the complaint was held in joint tenancy between the plaintiff,

LeRoy A. Haines, and his divorced wife, Henrietta Haines; . . .'' (Henrietta Haines died after the action was commenced) that upon her death the property passed to plaintiff by right of survivorship. The court further found that the interlocutory judgment provided "that the real property described in plaintiff's complaint in this action remain in joint tenancy between the plaintiff herein and Henrietta J. Haines, she to have the exclusive right of possession of said real property during her lifetime and that neither party shall convey said real property without the consent of the other, and that the real property upon the death of one shall go to the survivor." The court then found that the deed from Mrs. Haines to defendant Raymond A. Wertman was of no force or effect.

Appellants' first contention on appeal is that the interlocutory decree of divorce in the case of *Haines* v. *Haines*, later incorporated in the final decree, gave Mrs. Haines a fee interest in an undivided one half of the property here in question as a joint tenant with Mr. Haines. That in addition thereto, Mrs. Haines was given the right to occupy the property rent-free for such a period as she might desire during her lifetime, or until she disposed of her interest in the same. That, assuming the court in the divorce decree intended to restrain the parties from alienating the property during their lifetime, the court was without jurisdiction so to do, and that any such attempted restraint was void. That therefore Mrs. Haines was free to alienate her interest in the real property at any time after the final decree of divorce, as she did in fact do by executing a grant deed of her interest to her son, appellant herein.

In the divorce action Mrs. Haines, the wife, alleged that the property which was on record as in joint tenancy was in fact community property of the parties, and at the trial this contention was adopted by the husband. At the trial of the divorce action it was stipulated by both parties thereto that "the real property is to remain in joint tenancy in accordance with the deed provisions as they now are, with the property to pass to the survivor of the two."

██ In an action for divorce the court has jurisdiction to adjudge the character of any property claimed to be community property. ██ A reading of the decree in the divorce action, which was before the trial court herein and is now before this court on appeal, convinces us that that is exactly

what the court did, and the disposition of the community property having become final, the question as to its character is no longer open.

Acting upon the pleadings and the aforesaid stipulation, the court in the divorce proceeding determined that the real property in question was community property, and pursuant to the aforesaid stipulation decreed that it was "to remain in joint tenancy . . . with the property to pass to the survivor of the two."

Appellants' contention that the trial court exceeded its jurisdiction in awarding joint tenancy property to respondent as community property is, therefore, without merit. Though the real property awarded by the court in the divorce action did stand in the names of the parties as joint tenants, the complaint alleged, and at the trial the defendant husband took the position, that it was community property. There is no evidence in the record to the contrary. In fact, the stipulation of the parties shows that while the property was taken by husband and wife as joint tenants, they intended it to be and regarded it as community property. This manifest intention empowered the court to determine its character as being community property and treat it accordingly (*Tompkins* v. *Tompkins*, 83 Cal.App.2d 71, 77 [187 P.2d 840]).

For the foregoing reasons the judgment is affirmed.

Doran, J., and Drapeau, J., concurred.

A petition for a rehearing was denied February 18, 1952, and appellants' petition for a hearing by the Supreme Court was denied March 27, 1952.