[Civ. No. 25496.   Second Dist., Div. Four.   Feb. 20, 1962.]

RUDOLF LAWATCH, Plaintiff and Respondent, v. GERTRUDE J. LAWATCH, Defendant and Appellant.

C. E. Spencer for Defendant and Appellant.

Ray H. Enter for Plaintiff and Respondent.

BURKE, P. J.—After long and bitter litigation, an interlocutory judgment of divorce was entered granting a divorce decree to both the husband and wife, determining all property to be community and dividing it between the parties. Plaintiff husband appealed and the judgment was affirmed. (*Lawatch* v. *Lawatch,* 161 Cal.App.2d 780 [327 P.2d 603].) Final judgment was subsequently entered.

In order to equalize the property values between the parties, the business and business real estate being awarded the husband, a lien of $33,335.47 was granted wife and pursuant to agreement in open court provisions were agreed upon for the lien to be paid by the husband in installments. The following statement was included in the interlocutory decree following the division of the property and the imposition of the lien: "The lien given by this judgment in favor of the defendant [wife] shall be subrogated to a lien securing the repayment of any money that the plaintiff may elect to borrow from time to time, for reasonable business purposes (not personal), and the plaintiff shall give the defendant fifteen (15) days' written notice of intention to borrow, stating the amount to be borrowed, and within said 15 days defendant may file a notice of motion in this court seeking an order denying subrogation of the sum proposed to be borrowed or such part thereof as defendant deems excessive, and on hearing the motion the burden shall be on defendant to establish that the sum or the part thereof objected to is not reasonably necessary for the purposes of the business."

The final judgment of divorce carried over into effect all of the provisions of the interlocutory judgment pertaining to these matters. Some three years after the judgment became final plaintiff gave notice of intention to borrow money and defendant wife noticed a motion in the superior court for an order denying subrogation of the lien in her favor to any loan proposed to be made by plaintiff. Plaintiff had proposed to borrow the sum of $25,000 from a bank and said that the loan is necessary "for reasonable business purposes" for Lawatch, Ltd., a corporation, and Lawatch Display Fixtures, Inc. In his notification of intention to borrow, plaintiff declared ". . . said money, if obtained, will be used solely for the benefit and best interests of said corporations and in particular for machinery, building improvements and operating capital. . . . That none of said money will be used for any expenses or salary of the said Rudolf Lawatch. That

Rudolf Lawatch is the sole and only stockholder in said corporations."

After a court hearing on the motion the court made a verbal order allowing plaintiff to seek a loan in the sum of $20,000 subject to certain conditions which were noted in the court's minutes. This was followed by a written order dated October 4, 1960, authorizing the loan in the amount indicated and further providing, ". . . and if said loan is granted, said money obtained shall be placed in a bank account in the names of Plaintiff and Defendant and shall not be withdrawn except upon the signatures of both parties. . . ." The written order contained a further provision that plaintiff permit defendant to inspect the corporate books and records every 30 days.

Defendant appeals from this order, contending (1) the provision in the divorce decree purporting to permit subrogation of the lien granted the wife is void on its face; (2) it is repugnant to the grant of property to the wife; (3) the court had no jurisdiction to make the order appealed from; and (4) the notice of intention to borrow shows on its face that it is not within the provisions of the interlocutory judgment.

With reference to the last point, defendant points out that the notice given by plaintiff of his intention to borrow shows it is for the reasonable business purposes of the two corporations named, that the corporations are distinct entities and are strangers to the action and have no standing before the court.

In its decision, in the appeal from the divorce action, the District Court of Appeal in *Lawatch* v. *Lawatch*, 161 Cal. App.2d 780, 790 [327 P.2d 603], makes reference to the business known as Lawatch, Ltd., and the real property on which it is located. This business and the property on which it is located were declared to be community property by the trial court. The court balanced the award of this business, and the property on which it is located, to the husband by giving the wife a lien on the property for her half of the value thereof and ordering the husband to pay off the lien in installments. Both parties acknowledged that plaintiff conducted his business transactions by means of these two corporations. In the interlocutory decree the court divided the shares of stock of Lawatch Display Fixtures, Inc. by ordering that one-half of the shares be given to each party. Clearly, the borrowing of money to be used in these businesses was within the purview of the interlocutory decree.

We turn now to the contention that the provision in the interlocutory decree authorizing the borrowing of funds and the subrogating of the lien of defendant to the amount of such loans is void on its face.

Defendant claims that when the trial court entered the judgment dividing the property and awarding the lien it exhausted its jurisdiction and had no authority thereafter to subordinate defendant's lien to any liens arising from plaintiff's right to borrow for business purposes. In support of this argument defendant cites *White* v. *White*, 130 Cal. 597 [62 P. 1062, 80 Am.St.Rep. 150]. That case involved an order made by the trial court after the interlocutory decree had become final. Under those circumstances the Supreme Court held, understandably, "After final judgment any further judgment, or order materially varying the judgment, is a mere nullity. [Citing cases.]"

The facts in the case before us are entirely different from those in *White* v. *White, supra,* 130 Cal. 597. Here the subrogation provision limiting defendant's lien was an integral part of the interlocutory decree as it was originally entered. It was not subsequent in time or effect. Defendant did not obtain something which was later reduced. She was awarded at one instant a qualified lien on plaintiff's property.

In support of defendant's contention that the subrogation provision is void, as repugnant to the award or grant of property to her, she refers to the rules relating to construction of deeds. The cases cited by defendant hold that subsequent language in a deed attempting to limit or modify an *absolute grant* is void as inconsistent with the absolute grant. (*Bonnell* v. *McLaughlin,* 173 Cal. 213, 215 [159 P. 590]; *Castro* v. *Tennent,* 44 Cal. 253, 258; *City of Los Angeles* v. *Savage,* 165 Cal.App.2d 1, 5 [331 P.2d 211]; *Kirker* v. *Shell Oil Co.,* 104 Cal.App.2d 497 [231 P.2d 905].)

These cases are immediately distinguishable by the fact that there was no absolute grant in this case. The deed cases cited above refer to situations where the grantee was given certain properties or benefits followed by an attempt to take back part of them. In this case defendant only received certain conditional and limited interests at the outset, with the ensuing action taken by plaintiff being entirely within the conditions expressed in the grant.

Defendant's claim of lack of jurisdiction of the trial court to make the order appealed from is also without merit. By the language in the interlocutory decree which became final

the court expressly provided for the procedure to be followed including adjudication by the trial court of any objections defendant might have to the propriety of the loan which plaintiff was seeking. The power of the court to make an order in the subsequent proceedings provided for in the divorce decree is clearly within its jurisdiction as conferred by Civil Code section 146 and many cases construing that statute, some of which include: *De Godey* v. *Godey,* 39 Cal. 157; *Haines* v. *Wertman,* 108 Cal.App.2d 841 [239 P.2d 889]; *Stark* v. *Mintz,* 85 Cal.App.2d 119 [192 P.2d 87]; *Roberts* v. *Roberts,* 83 Cal.App. 345 [256 P. 826]; *Remley* v. *Remley,* 49 Cal.App. 489 [193 P. 604]; *Huneke* v. *Huneke,* 12 Cal.App. 199 [107 P. 131].

Judgment affirmed.

Jefferson, J., and Balthis, J., concurred.

A petition for a rehearing was denied March 9, 1962, and appellant's petition for a hearing by the Supreme Court was denied April 18, 1962.