Filed 1/29/16  Friends of Riverside's Hills v. City of Riverside CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| FRIENDS OF RIVERSIDE'S HILLS, | |
| Plaintiff and Respondent, | E061821 |
| v. | (Super.Ct.No. RIC446628) |
| CITY OF RIVERSIDE, | OPINION |
| Defendant; | |
| ASHTON RANCH ESTATES, LLC, | |
| Real Party in Interest and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gloria Trask, Judge.

Reversed with directions.

Lester & Cantrell, Mark S. Lester, David Cantrell, and Matthew J. Kraus for Real

Party in Interest and Appellant.

Johnson & Sedlack, Raymond W. Johnson, Abigail A. Smith, Kimberly A. Foy,

and Kendall Holbrook for Plaintiff and Respondent.

Plaintiff and respondent, Friends of Riverside's Hills, brought a motion in the superior court to enforce a written settlement agreement against real party in interest and appellant, Ashton Ranch Estates, LLC. (Code Civ. Proc., § 664.6.)[1] The settlement agreement resolved disputes in two cases (Riverside County Superior Court case Nos. 446628 and 426544) respondent brought under the California Environmental Quality Act (CEQA). (Pub. Resources Code, § 21000 et seq.) At the parties' request, the superior court in case No. 446628 entered an order retaining jurisdiction to enforce the terms of the settlement agreement before entering a judgment of dismissal.

Years later, the parties reached impasse on disputes over performance of the settlement agreement and respondent filed a motion asking the superior court to construe and enforce several specific provisions of the agreement. The superior court declined to reach the issues respondent raised and instead entered a second judgment, which adopted the terms of the settlement agreement. The judgment indicated the superior court would "resolve issues of enforceability of particular terms of the Settlement Agreement post-judgment, as such issues arise." Instead, Ashton Ranch appealed the judgment.

Ashton Ranch contends the superior court committed reversible error by entering judgment based on settlement terms that: (1) obligate it to dedicate a public trail easement on private property owned by third parties; (2) obligate it to obtain consent from a third party to accept dedication of a trail head; (3) obligate the homeowner's association to work closely with a third party land conservancy to monitor open space

---

[1] Unlabeled statutory citations refer to the Code of Civil Procedure.

areas. Appellant also contends the superior court erred by entering judgment without first determining whether the settlement terms were valid and enforceable.

We decline to reach these issues because the superior court did not rule on them. Instead, because the second judgment is a nullity, we reverse and remand for the superior court to address those issues in the first instance.

## I

## FACTUAL BACKGROUND

The parties' written settlement agreement, entered on June 15, 2006 between respondent on one side and appellant and other real parties in interest[2] on the other side, settled two cases brought under CEQA challenging the adequacy of the environmental review for two residential development projects in the City of Riverside, tract map 29628 and tract map 32270.

As part of the settlement, the parties agreed to file the signed settlement agreement with the superior court in case No. 446628 and "to submit themselves to the continuing jurisdiction" of that court to enforce the provisions of the agreement. As permitted by section 664.6, the parties filed a stipulation requesting that the superior court retain jurisdiction to enforce the settlement agreement after dismissal of the two underlying actions. The stipulation attached the signed settlement agreement as an exhibit. On June 23, 2006, the superior court entered an order agreeing to retain jurisdiction to enforce the

---

**2** The other real parties in interest named in the settlement agreement are Hawarden Development Corporation, Executive Home Builders of Riverside, and A&T Partners LLC.

settlement agreement. As required by the agreement, respondent then requested dismissal with prejudice of case No. 446628. On August 16, 2006, the superior court entered a judgment of dismissal in that case.[3]

Seven and a half years later, on February 5, 2014, respondent returned to the superior court and filed a motion to enforce the settlement agreement under section 664.6. Respondent contended the real parties in interest had failed, among other things, to perform duties to: (1) dedicate a trail easement to the City of Riverside, (2) dedicate an access point to the trail, and (3) work closely with the Riverside Land Conservancy to maintain open space areas. Respondent asked the superior court to order the real parties in interest to "substantially perform the duties required under the Settlement Agreement." Appellant contended in the superior court that the provisions of the settlement agreement cannot be specifically enforced under section 3390 because the terms are indefinite or performance is impossible or beyond their control.

On March 7, 2014, the superior court held a hearing on the motion to enforce. Near the outset of the hearing, the court announced, "I think that all you're going to get is a judgment. I'll be happy to give you a judgment. But the court is not going to compel specific performance." The court explained, "We'll argue over the form of the judgment for several months. And once we finally get a judgment that I decide upon based upon

---

[3] At the time of the settlement, case No. 426544 was on appeal in this court as case No. E040522. The parties agreed to seek dismissal of the appeal and the underlying superior court action. The record does not establish that the parties achieved those dismissals. We take judicial notice that we dismissed the appeal in case No. E040522 on July 19, 2006. (Evid. Code, § 452, subd. (d).)

briefing and et cetera, we'll have a judgment; and then [respondent] will attempt to enforce that judgment, and then I will rule on it because I maintain jurisdiction." According to the superior court, respondent would "have to move for however they want to enforce [the settlement agreement], and the court will rule once they have the judgment. That's how I see it playing out." The superior court directed "plaintiff's counsel [to] prepare a judgment pursuant to CCP Section 664.6 in accordance with the settlement agreement, . . . submit a copy to . . . defense counsel" and then "[s]ubmit it to the court." The superior court did not take evidence or hear argument concerning the specific enforcement issues raised in respondent's motion. Nor did the superior court rule on those issues.

On June 18, 2014, the superior court signed a judgment enforcing the settlement agreement. The judgment provides: "Pursuant to the terms of Code of Civil Procedure Section 664.6, the court hereby enters judgment pursuant to the terms of the Settlement Agreement. The court retains jurisdiction over the parties to enforce the settlement agreement." The judgment reserved resolving "issues of enforceability of particular terms of the Settlement Agreement post-judgment," until "such issues arise." On August 29, 2014, appellant filed a notice of appeal.

## II

### DISCUSSION

Section 664.6 provides parties to a settlement agreement a summary procedure to enforce the agreement. Before 1993, section 664.6 read in full: "If parties to pending litigation stipulate, in a writing signed by the parties outside the presence of the court or

orally before the court, for settlement of the case, or part thereof, the court, upon motion, may enter judgment pursuant to the terms of the settlement." In 1989, the Fourth District Court of Appeal held this procedure could be invoked only while a case was still pending in the trial court and that once the case had been dismissed, the trial court lacked subject matter jurisdiction to enforce a settlement agreement unless the parties first moved to set aside the dismissal under section 473. (*Viejo Bancorp, Inc. v. Wood* (1989) 217 Cal.App.3d 200, 207.)

In response, the Legislature amended section 664.6 to, among other things, add the following sentence: "If requested by the parties, the court may retain jurisdiction over the parties to enforce the settlement until performance in full of the terms of the settlement." (§ 664.6; see also *Wackeen v. Malis* (2002) 97 Cal.App.4th 429, 439 (*Wackeen*) [discussing history and amendment of section 664.6].) "The effect of that amendment is to provide courts with continuing jurisdiction over parties and their litigation, for the purpose of enforcing their settlement agreement, despite a suit's having been dismissed after the execution of the agreement." (*Wackeen*, *supra*, at p. 433.) To obtain the superior court's limited enforcement jurisdiction, "the request must be made (1) during the pendency of the case, not after the case has been dismissed in its entirety, (2) by the parties themselves, and (3) either in a writing signed by the parties or orally before the court." (*Id.* at p. 440.) We exercise de novo review in assessing the superior court's interpretation and application of section 664.6. (Wackeen, *supra*, at p. 437.)

The parties in this case properly availed themselves of section 664.6 to ensure the superior court retained jurisdiction. On June 15, 2006, the parties signed a settlement

agreement that specified "[t]he Parties agree to be bound by the terms of the Stipulated Settlement Agreement and to submit themselves to the continuing jurisdiction of the Court . . . to specifically enforce the provisions of this Settlement Agreement and the order and judgment thereon." On June 20, 2006, the parties submitted a stipulation to the court, which provided: "The Parties agree that the Court shall reserve and retain full jurisdiction, power, and authority to enable the Court upon noticed motion of Petitioners or Real Parties in Interest, to make such further orders or directions to enforce, protect, or preserve the rights of the Parties consistent with the terms of this Agreement. . . . Petitioner and Real Parties in Interest agree to be bound by the terms of the Stipulated Settlement and to submit themselves to the continuing jurisdiction of the Court in the Action to specifically enforce the provisions of this Agreement."[4] The parties attached the signed settlement agreement as an exhibit to the stipulation. On June 23, 2006, the superior court entered an order stating it "shall retain jurisdiction over the settlement agreement entered into between Petitioner Friends of Riverside's Hills and Real Parties in

---

[4] Appellant argues for the first time in a supplemental letter brief that its consent to continuing jurisdiction under section 664.6 was ineffective because counsel, not the parties, signed the stipulation to continue jurisdiction. Appellant did not raise this theory in its opening brief, and has therefore forfeited the contention. (*Inyo Citizens for Better Planning v. Inyo County Bd. of Supervisors* (2009) 180 Cal.App.4th 1, 14, fn.2 [Fourth Dist., Div. Two].) In any event, the parties signed the settlement agreement, which explicitly requests that the trial court retain jurisdiction, and submitted the agreement with signatures as an exhibit to their stipulation to continue jurisdiction. That submission is sufficient to satisfy the requirement that the parties themselves make the request. (*Wackeen*, *supra*, 97 Cal.App.4th at p. 440.)

Interest Hawarden Development Corporation and Ashton Ranch Estates." Only after the superior court retained jurisdiction did the parties request and obtain dismissal of the underlying lawsuit. As a result, the superior court had jurisdiction to enforce the settlement agreement by resolving the disputes respondent raised in its motion filed on February 5, 2014.

As we noted in part I, however, the superior court did not address those disputes, but instead entered a judgment purporting to adopt the terms of the settlement agreement. We sought and obtained supplemental briefing from the parties on the issue whether the judgment under review was a nullity because it constituted a second judgment. We have considered the parties' arguments and conclude the superior court did not have jurisdiction to enter its judgment because it had already dismissed the case on August 16, 2006. That dismissal constituted entry of judgment. (See § 581d ["All dismissals ordered by the court . . . shall constitute judgments and be effective for all purposes . . ."].) By entering judgment, the superior court exhausted its jurisdiction over the subject matter of the suit and the parties, except to the extent preserved by the order retaining jurisdiction to enforce the settlement agreement. (See *White v. White* (1900) 130 Cal. 597, 599-600 [after entry of judgment "the jurisdiction of the court over the subject matter of the suit and the parties was exhausted, unless preserved in the mode authorized by statute"]; *Barry v. Superior Court* (1891) 91 Cal. 486, 488 ["The first judgment was final, and the only authority of the court thereafter, in the matter concluded thereby, was the power to enforce the judgment according to its terms"].) Accordingly,

we conclude the second judgment of the superior court was a nullity and therefore reverse the judgment.

Our conclusion does not imply the superior court lacked jurisdiction to decide respondent's motion to enforce the settlement agreement. On the contrary, section 664.6 explicitly allows the superior court to retain jurisdiction for the limited purpose of enforcing the terms of the agreement until they have been satisfied. As we have discussed, the parties properly invoked the superior court's enforcement jurisdiction. Thus, the superior court had the authority to resolve the disputes respondent raised by motion. (See *In re The Clergy Cases I* (2010) 188 Cal.App.4th 1224, 1236.) However, the judgment entered by the superior court did not address those disputes. On the contrary, the superior court specifically reserved ruling on them. We conclude the issues raised by respondent's motion to enforce the settlement agreement are not ripe for appellate review. (See *Plancich v. United Parcel Service, Inc.* (2011) 198 Cal.App.4th 308, 316 [Fourth Dist., Div. Two].) We therefore remand to the superior court for further proceedings consistent with this opinion.

On remand, the superior court shall hear and decide respondent's motion to enforce the settlement agreement, resolving the specific issues respondent raised in the original motion concerning appellant's performance of its obligations. The superior court may hold a hearing to take evidence and entertain argument related to any such disputes. (*Osumi v. Sutton* (2007) 151 Cal.App.4th 1355, 1360.) It may also make factual findings and legal rulings necessary to resolve them. (*Ibid*.) Though a postjudgment order resolving those disputes will not take the form of a judgment, this court would

nevertheless have jurisdiction to hear any appeal that may arise from such an order.

(§ 904.1, subd. (a)(2); see also *Osumi v. Sutton*, *supra*, at p. 1360.)

## III

## DISPOSITION

We reverse the judgment of the superior court and remand for further proceedings consistent with this opinion.

In the interests of justice, the parties will bear their respective costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

McKINSTER
J.

KING
J.